ANN SHRIVER *vs.* SIOUX CITY & ST. PAUL RAILROAD COMPANY.

April 12, 1878.

**Witness—Expert Testimony.**—A witness accustomed to packing marble slabs for transportation may be asked whether in his opinion a certain mode of packing for transportation was proper.

**Negligence—When Negligence of Plaintiff not Contributory.**—Though an owner who improperly packs goods for transportation by a common carrier cannot recover for injuries to the goods to which the improper packing contributes, he may recover for injuries happening independently of the defect in packing.

**Same—Common Carrier—Contract Limiting Liability—Burden of Proof.** — A common carrier of goods cannot by contract exonerate himself from liability for loss or injury to goods happening through his negligence or that of his agents, nor limit his liability to injuries caused by *gross* negligence. Where there is a contract limiting the liability of a common carrier of goods, the burden is on the carrier, and not on the owners, to show from what cause a loss or injury occurs.

**Same—Goods Transported over the Lines of Several Carriers—Presumption as to the Condition of the Goods when Delivered to the Last Carrier.**—Where goods are delivered to the first carrier in a line of several different carriers, to be transported over the entire line, there being no direct evidence to show where they were injured, the jury, if there is nothing in the case to render the presumption improbable, may presume that the goods reached the hands of the last carrier in the same condition as when delivered to the first in the line.

Appeal by defendant from a judgment of the district court for Nobles county, *Dickinson,* J., presiding.

*E. C. Palmer,* for appellant.

The court erred in allowing the witness Brown to state that, in his opinion, the marble slabs were properly packed, (*Enright* v. *R. Co.* 33 Cal. 230; *Mulay* v. *Ins. Co.* 2 Gray, 541; *Muldowney* v. *Ill. Cent. R. Co.* 36 Iowa, 462; *Keller* v. *N. Y. Cent. R. Co.* 2 Abb. 480; *Oakes* v. *Weston,* 45 Vt. 430; *Crane* v. *Northfield,* 33 Vt. 124; *Eaton* v. *Woolly,* 28 Wis. 628;) in charging the jury that the contract between the parties could not be allowed to absolve the defendant from the consequences of its own negligence, (*Bostwick* v. *B. & O. R. Co.* 55 Barb. 137; *Maghee* v. *C. & A. R. Co.* 45 N. Y. 514; *French* v. *B. & E. R. Co.* 43 N. Y. 108; *B. & O. R. Co.* v. *Rathbone,* 1 W. Va. 87; *B & O. R. Co.* v. *Skeels,* 3 W. Va. 556; *Ill. Cent. R. Co.* v. *Smyrer,* 38 Ill. 354; *Kimball* v. *R. & B. R. Co.* 26 Vt. 247; *N. J. S. Nav. Co.* v. *Merchants' Bank,* 6 How. 344; *Cragin* v. *N. Y. Cent. R. Co.* 51 N. Y. 61; *Mynard* v. *Syracuse R. Co.* 14 Sup. Ct. (N. Y.) 399; *McCoy* v. *Erie & W. Trans. Co.* 42 Md. 498; *Talbott* v. *Merchants' Dispatch,* 41 Iowa, 247;) in charging that the burden was on the defendant to show the want of ordinary care, (*French* v. *B. & E. R. Co.* 43 N. Y. 108; *Kullman* v. *U. S. Exp. Co.* 3 Kan. 205; *Sager* v. *P. S. & P.*

*E. R. Co.* 31 Me. 228;) in charging that the jury might presume negligence upon the part of the defendant because the goods were damaged when delivered, (Whart. on Ev. § 359, *Smith* v. *R. Co.* 37 Mo. 287; *McCully* v. *Clarke*, 40 Pa. St. 399;) in refusing to charge that the plaintiff could not recover unless she proved that the damage occurred through the negligence of the defendant, and without her contributing to such injury by defective packing, (*B. & O. R. Co.* v. *Skeels*, 3 W. Va. 556; *Balton* v. *H. R. R. Co.* 18 N. Y. 248; *Beaculieu* v. *Port. Co.* 48 Me. 291; *Lyndsay* v. *C. & P. R. Co.* 27 Vt. 643; *Lane* v. *Crombie*, 12 Pick. 176; *Robinson* v. *Railroad Co.* 7 Gray, 92;) in refusing to charge that the plaintiff cou'd not recover if the marble were so imperfectly packed that it could not be handled with reasonable care without sustaining injury in the course of transportation, (Whart. on Neg. §§ 563–566;) and in refusing to charge that the contract was and is a reasonable one, and that plaintiff cannot recover, without gross negligence on the part of defendant, in respect to the transportation of the goods named in the contract.

Neither was the verdict justified by the evidence, because the marbles were not shown to have been in good condition when shipped, and no act of the defendant was shown from which the breaking could have happened.

*Clarke & Soule*, for respondent.

The witness Brown had seen the marbles and box in which they were shipped, and was a furniture dealer of many years' experience. He was qualified, therefore, to act as an expert witness, (1 Greenl. Ev. § 440; 1 Phil. Ev. (10th Ed.) 521; *Paige* v. *Hazzard*, 5 Hill, 603; *Keith* v. *Lothrop*, 10 Cush. 453; *Sowers* v. *Dukes*, 8 Minn. 6, (23;) *Getchell* v. *Hill*, 21 Minn. 464;) and the question of his sufficiency was a fact to be determined by the court below. *Jones* v. *Tucker*. 41 N. H. 546.

Neither could the defendant, upon grounds of public policy, make a contract exempting it from liability, save in the case of gross negligence, (*Christenson* v. *Am. Ex. Co.* 15 Minn.

270;) nor was the burden of proof upon the defendant to show the want of ordinary care. *Baker* v. *Brinson,* 9 Rich. 201; *Graham* v. *Davis,* 4 Ohio St. 362; *Slocum* v. *Fairchild,* 7 Hill, 292; *Davis* v. *Graham,* 2 Ohio St. 131; *Baldwin* v. *Collins,* 9 Rob. (La.) 468. Neither was the plaintiff bound to show the negligence of the defendant, (*Berry* v. *Cooper,* 28 Ga. 543; 1 Hil. on Torts, 120, § 45; 1 Greenl. Ev. § 79,) since the jury could presume that fact from the damaged condition of the goods. *Laughlin* v. *C. & N. W. R. Co.* 28 Wis. 204. So, also, the *onus* of establishing contributory negligence rested upon the defendant. *St. Paul* v. *Kirby,* 8 Minn. 125, (154;) *Alden* v. *Pearson,* 3 Gray, 342; *Hocum* v. *Weitherick,* 22 Minn. 152; *Brown* v. *M. & St. P. R. Co.* Id. 165. There was evidence in the case from which the jury might infer that the marbles were whole when shipped—*Hinkle* v. *L. S. & M. R. Co.* 18 Minn. 297; *Heinlin* v. *Fish,* 8 Minn. 48 (70;)—and the case was tried upon the theory that the marbles were broken during transportation.

GILFILLAN, C. J. At Tiffin, Ohio, the plaintiff shipped with the Baltimore & Ohio Railroad Company two marble slabs, packed in a close box, consigned to herself at Worthington, in this state, and upon the requirement of the company executed an agreement releasing the company, and each and every other company over whose line the goods might pass to their destination, from any and all damages that might arise from certain specified causes, and "from any cause not arising from gross negligence of the said company or companies, its or their officers or agents." The slabs passed to their destination over the Baltimore & Ohio, and two other railroads, to St. James, in this state, and over the road of the defendant from St. James to Worthington, and when delivered by the defendant to the plaintiff, at Worthington, were found to have been broken. This action was brought to recover damages for the injury.

At the trial an objection was made to a question to a witness accustomed to packing marbles for transportation, calling

for his opinion, upon whether these marbles were properly packed. It was a case for expert testimony, and the objection was properly overruled.

The court charged the jury, in substance, that common carriers of goods cannot, by contract, absolve themselves from the consequences o: their own negligence, and that, the contract proved, could not be allowed to have that operation; that the burden of proof to show ordinary care was on the defendant, and that the jury might presume negligence from the fact that the goods were found to be damaged when delivered to plaintiff at Worthington.

Defendant excepted to these propositions in the charge, and requested an instruction that the contract was reasonable, and that the plaintiff could not recover without gross negligence of the defendant, which the court declined. Defendant also requested an instruction that if the marble was so improperly packed by the plaintiff that it could not be handled with reasonable care in the transportation without injury thereto, the plaintiff cannot recover. The court gave this instruction, with the qualification, "unless the injury happened independent of the defects in the packing." To this defendant excepted. The qualification was correct, for while plaintiff could not recover for an injury to which her negligence contributed, no negligence of hers unconnected with the cause of the injury could defeat a recovery.

The charge presents the question of the power of a common carrier of goods to limit by contract his liability as it existed at common law It is perhaps to be regretted that courts have allowed any relaxation of the common law rule of liability. But that a common carrier may by special agreement qualify to some extent his liability is too well settled by decisions to be denied. How far he may do it the authorities are not entirely agreed. The greater number of authorities in the United States hold, and, since *Christenson* v. *American Express Co.* 15 Minn. 270, it is to be taken as the settled doctrine of this court, that a common carrier of goods

shall not be permitted to exonerate himself by contract from liability for his own negligence, or the negligence of the agents whom he employs to perform the transportation. The contract in question seeks to exonerate the carrier from liability for all except gross negligence, and is obnoxious to the rule. The charge of the court upon it, and upon the rule, was correct.

When there is a contract limiting the liability to injuries caused by the negligence of the carrier, which party, the owner or the carrier, must show from what cause the injury or loss arose, is a question upon which there is some conflict of authorities. *Harris* v. *Packwood*, 3 Taunt. 264; *Marsh* v. *Horne*, 5 B. & C. 322; *French* v. *Buffalo, N. Y. & E. R. Co.* 43 N. Y. 108; *Sager* v. *S. & P. & E. R. Co.* 31 Me. 228, and *Kallman* v. *United States Express Co.* 3 Kan. 205, affirm the rule, without giving any reason for it, to be that the burden is on the owner. On the other hand, in 2 Greenl. Ev. § 219, the rule is stated, "and if the acceptance of the goods were special, the burden of proof is still on the carrier to show not only that the cause of the loss was within the terms of the exception, but also that there was on his part no negligence or want of due care." And this rule is followed in *Swindler* v. *Hillard*, 2 Rich. (S. C.) 286; *Baker* v. *Brinson*, 9 Rich. 201; *Davidson* v. *Graham*, 2 Ohio St. 131; *Graham* v. *Davis*, 4 Ohio St. 362; and *Whitesides* v. *Russel*, 8 W. & S. 44. The latter cases are most consistent with principle; for, where there is no contract, there has never, so far as we know, been any question that the carrier, to escape liability, must show the case to have occured from one of the causes which the law excepts from his liability. No good reason can be given why the burden should be changed because he has by contract added other exceptions to those made by the law. As to where the burden of proof was the charge was correct.

There was some evidence from which the jury might find that when delivered to the B. & O. R. Co. the slabs were in good condition. Between that company and the defendant

there were two intermediate carriers. There was no direct evidence showing upon what part of the line, composed of the four railroads, or in the hands of which of the four carriers the slabs were broken; and there was nothing to charge the breaking upon defendant, unless the jury might presume that the slabs continued, until they came into the hands of defendant, in the same condition as when delivered to the B. & O. R. Co. That, where goods pass over a line of several different carriers, the jury, there being no direct evidence to the contrary, may presume that they reached the last carrier in the same condition as when delivered to the first, is discussed at length, and affirmed, in *Smith* v. *The New York Central R. Co.* 43 Barb. 225, and *Laughlin* v. *The Chicago & Northwestern R. Co.* 28 Wis. 204—the only cases we find in which the point is considered. Although the question is not free from doubt, we think the conclusion reached by the courts in these two cases correct. It is a rule of evidence that things once proved to have existed in a particular state are presumed to have continued in that state until the contrary is shown; but it is not a rule of universal application. The probabilities in a particular case may prevent its application. The courts in New York and Wisconsin, there being nothing in the case to render the presumption improbable, apply it to a case like this, mainly because the carrier may ordinarily know, while ordinarily the owner cannot know, what happens to the goods, and what care is taken of them in their passage, and if they are lost or injured, when and how it occurred, and in what condition they came from the hands of a prior carrier into his. It is in part because of his superior ability to furnish the proof that the *onus* of showing the cause of a loss or injury to be within the exceptions to his liability is imposed on the carrier. For the same reason we think that ordinarily a subsequent carrier should be required to show in what condition goods came into his hands, or that their condition did not change while they were in his keeping. The rule may seem hard, and so may seem the rule regulating the liability

of the carrier, and fixing the burden of proof on him; but public policy, and the due protection of owners, require that common carriers should be held to a severe liability.

Judgment affirmed.