PETER ORTT *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

February 4, 1887.

**Carrier of Goods—Connecting Railroad Lines—Liability of First
Carrier.**—A railroad company, receiving goods to be transported over
several lines of road, is not responsible for the negligence of other car-
riers beyond its own terminus, unless it has contracted to transport the
property beyond its own line. Receiving goods marked for a place beyond
its own terminus does not import an agreement to carry to the destination
named.

**Same—Construction of Bill of Lading.**—A contract for the shipment of
live-stock was made by using a printed blank. Following an acknowl-
edgment of the receipt of the stock by the carrier were the printed words,
"To be delivered at  *  *  *," and here was inserted in writing the
words, "Consigned to T., B. & Co., Chicago, Ill." The further agree-
ment was expressed that, where stock should pass over more than one
road to reach its destination, the company upon whose road any damage
should occur should alone be liable therefor. This contract construed as
not being an agreement on the part of the carrier to transport the stock
to Chicago, if in fact its line of transportation did not extend to that
point.

**Same—Action on Special Contract—Evidence under General Denial.**
—The complaint alleging a special contract by the defendant to carry to
Chicago, and a breach of the contract, and the answer containing a gen-
eral denial, the fact was available in defence that the injury complained
of occurred after the property had passed beyond the defendant's terminus.

**Same—Limitation of Liability—Negligence.**—An agreement exonerating
a common carrier from liability is ineffectual to relieve it from liability
for its own negligence.

**Parol Testimony to Vary Writing.**—Rule excluding parol evidence of the
terms of a written instrument applied.

Appeal by defendant from an order of the district court for Red-
wood county, *Webber,* J., presiding, refusing a new trial after verdict
for plaintiff.

*J. D. Springer,* for appellant.

*E. St. Julien Cox,* for respondent.

DICKINSON, J.　This action is for the recovery of damages for deterioration in the value of several cars of live-stock shipped by the plaintiff over the defendant's road, and destined for Chicago.　The injury complained of was caused by delays of the cars while on the way, and after they had passed Albert Lea, in this state.　At the time of the shipment of two of the car-loads, (from Minneapolis,) a printed blank contract was filled out in writing, and signed by the plaintiff, and by an agent of the defendant.　This contract, so far as necessary to be here stated, was as follows, the words here italicized being *written* in the printed blank:

"MINNEAPOLIS & ST. LOUIS RAILWAY.

*"Minneapolis* Station, *March 26*, 1884.

"Received of *Peter Ortt :*

"*Two* . . . . . Cars Live-stock as per margin, to be delivered at
"*Consigned to* . . . . . . . . Station, at special rates, being
"*Tomlinson* . . . . . Dollars per car for Horses and Mules,
"*Berkhart & Co.* . . . . . . . . . . . for Cattle or Hogs.
"*Chicago, Ill.* . . . . . . . . . . . . . . . . for Sheep.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

"It is also agreed that, where stock shall pass over more than one road to reach its destination, the company upon whose road any accident, loss, or damage may occur, shall alone be liable therefor, and no suit shall be brought, or claim against any other company forming a part of the route, for such loss or damage."

Evidence was introduced upon the trial, going to prove that the defendant's line of road did not extend beyond Albert Lea, and that at that point freight consigned to Chicago was transferred to the Burlington, Cedar Rapids & Northern Railway Company.　Upon the trial of the cause the court instructed the jury that this was a contract on the part of the defendant to transport the stock to Chicago.　The court further instructed the jury, in substance, that, if they found that the defendant received the property for transportation to Chicago, (as they must have found under the instructions above referred to,) its liability was not lessened in any manner, under the issues in this case, by the fact that it was transported over other connecting lines.

In effect, the court thus declared that the express agreement embodied in the contract, and above recited, in terms restricting responsibility to that one of several carriers whose acts or omissions caused the injury, was of no effect to limit the liability of the defendant for injuries caused by another carrier.

We think that there was error in these instructions. The prevailing rule of law in this country is that a common carrier receiving goods to be transported over several lines, including his own, is not responsible for the negligence of other carriers in the route beyond his own line, unless he has specially contracted to transport the property to its destination; and that receiving goods marked for a place beyond its own terminus does not import an undertaking to carry to the destination named. *Lawrence* v. *Winona & St. P. R. Co.*, 15 Minn. 313, (390,) 324, (402;) *Irish* v. *Milwaukee & St. Paul Ry. Co.* 19 Minn. 323, (376;) *Burroughs* v. *Norwich & Worcester R. Co.*, 100 Mass. 26; *Hadd* v. *Express Co.*, 52 Vt. 335; *Root* v. *Great Western R. Co.*, 45 N. Y. 524; and numerous cases cited in 3 Wood, Ry. Law, 1573, note.

In view of the general rule of construction which subordinates the printed terms of a contract, retained in a blank form, to the written terms inserted by the parties, when the two are inconsistent or meaningless when read together, it is at least doubtful whether the first part of this contract, if standing alone, could be fairly read in any other way than this: "Received of Peter Ortt two cars live-stock, as per margin, consigned to Tomlinson, Berkhart & Co., Chicago, Ill." But, without now deciding that the words "to be delivered at" should be rejected if the defendant's obligation were not otherwise defined, it seems to us apparent that this contract cannot be construed as an undertaking to carry beyond the defendant's line, when the express limitation of its responsibility to its own line is considered. There is nothing in this case to oppose the operative effect, as a part of the contract, of the provision exonerating the defendant from responsibility for the acts or omissions of other carriers. The legal inconsistency of an obligation assumed by contract to transport property, as a common carrier, beyond the carrier's own line, and of exemption, by the terms of the same contract, from the responsibility for

-negligence which attaches to that relation, is obvious.　Our conclu-
-sion is that, under this contract, the defendant did not undertake to
carry the property beyond its own line.　This was available as a de-
fence under the general denial, the complaint alleging a special con-
tract to carry to Chicago, and a breach-of that contract.　The fur-
-ther provisions of the contract, that the defendant should not be liable
for loss by delay of trains, would not exonerate it from liability for
negligent delays upon its own road.　*Shriver* v. *Sioux City & St. Paul
R. Co.,* 24 Minn. 506; *Christenson* v. *American Exp. Co.,* 15 Minn. 208,
-(270.)

The testimony of the witness Schuchard, who shipped stock by this
same train, that the defendant shipped and agreed to carry his stock
to Chicago, was objectionable, for the reason, if no other, that the
-contract appeared to have been in writing.　The terms of the con-
tract were provable only by the instrument itself, if that was obtain-
-able.　*Lowry* v. *Harris,* 12 Minn. 166, (255.)

The same objection exists as to the testimony of the plaintiff, re-
ferred to in the second assignment of error, if, as may be understood
from the form of the question, the contracts thus sought to be proved
were in writing.

Order reversed, and a new trial awarded.