EDWARD BOEHL vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

## July 25, 1890.

**Carriers—Injuries to Live-Stock.**—Carriers of live-stock are relieved from liability for injuries resulting from the natural propensity of animals to injure themselves or each other.

**Same—Contract Limiting Liability for Negligence.**—The law will not permit a carrier to limit his liability for his own negligence by contract, either as to the right or the amount of the recovery.

**Same—Evidence of Negligence — Burden of Proof.**—The burden rests upon the owner of goods lost or injured during transportation to make out a *prima facie* case of negligence. This may ordinarily be done by proving the delivery of the goods to the carrier, and the fact of the loss or damage happening during the transit. The burden will then rest upon the carrier to show that such loss or injury was not occasioned by his negligence or default. And where specific acts of negligence are alleged to have caused the injury, as the "bumping" or collision of cars, the owner of goods alleged to be injured thereby must establish such facts by a preponderance of evidence, and this, unexplained, will make out a *prima facie* case of negligence; and it will then devolve on the carrier, controlling the agencies and instrumentalities through which the accident or injury occurred, to disprove his negligence by showing that the same was occasioned without his fault.

Action brought in the district court for Jackson county, to recover damages for fatal injuries to a stallion carried by defendant. At the trial, before *Perkins*, J., the plaintiff had a verdict of $250. The defendant appeals from an order refusing a new trial.

*Andrew C. Dunn*, for appellant.

*T. J. Knox*, for respondent.

VANDERBURGH, J. Carriers of live-stock are liable as common carriers for damages or injuries thereto arising during the transportation, except such as, without the fault or negligence of the carrier, result from the vitality of the freight; that is to say, the nature and propensity of animals to injure themselves or each other, their unruliness, restiveness, fright, viciousness, kicking, or goring, etc. The

carrier is relieved from liability for injuries from such causes if he has provided suitable means of transportation, and exercised that degree of care which the nature of the property requires, or has not otherwise contributed to the injury. Of course, the carrier is relieved from special care and oversight of the animals, where the owner or agent accompanies them for that purpose. Ang. Carr. § 214, et seq.; Hutch. Carr. § 217; *Clarke* v. *Rochester & Syracuse R. Co.*, 14 N. Y. 570, (67 Am. Dec. 210;) *Evans* v. *Fitchburg R. Co.*, 111 Mass. 142; 3 Am. & Eng. Enc. Law, 6; *Moulton* v. *St. Paul, M. & M. Ry. Co.*, 31 Minn. 85, (16 N. W. Rep. 497;) 2 Wait, Act. & Def. 32. But if the injury or loss arise in whole or in part from the carrier's negligence, without the fault or concurring negligence of the owner or his agent, or from extrinsic causes other than inevitable accident, the carrier is liable as in other cases. And it is enough to make a *prima facie* case against him that the owner allege and show the delivery of the property to the carrier, and the nature of the loss or damage suffered during its transit. It will then devolve on the carrier to show that such injury was caused without his fault, and from the inherent nature or propensity, or "proper vice" as it is sometimes called, of the animals transported. *Shriver* v. *Sioux City & St. Paul R. Co.*, 24 Minn. 506; *Lindsley* v. *Chicago, Mil. & St. Paul Ry. Co.*, 36 Minn. 539, (33 N. W. Rep. 7;) *Hull* v. *Chicago, St. Paul, M. & O. Ry. Co.*, 41 Minn. 510, (43 N. W. Rep. 391.) The carrier, therefore, needs no special contract limiting his liability in respect to injuries resulting to animals from such causes.

In the case at bar the plaintiff alleges the delivery by plaintiff to defendant, at Chicago, of a young stallion, about nine months old, to be transported over its railway to Jackson, in this state, for hire; that the defendant undertook to do so, but so negligently conducted that it did not safely carry and deliver the animal as required by its contract; and the specific acts of negligence and misconduct are alleged and stated in the complaint to be the violent "bumping" of the cars; "that the defendant carelessly and negligently, and with great, sudden, and unnecessary force and violence, drove its engine and other cars against said car in which said stallion was being carried," whereby the animal was with great force

and violence thrown down and injured, so that he died before the car arrived at its destination. The defendant's answer denies all these allegations, and sets up a special contract alleged to have been made with plaintiff's agent at Chicago, which exempted the defendant from all liability as an insurer, and "for injuries from the acts of the animals themselves or to each other, such as biting, kicking," etc. The colt was shipped in the same car with other horses and animals of the plaintiff, and all under the care of plaintiff's agent, who was placed in charge thereof by plaintiff, and furnished free transportation by the company. The plaintiff, in his reply, denies that the special contract set up by the defendant was made with his authority, or that he is bound by it. Under the issue tendered by the complaint, and upon the evidence in the case, we do not think that it is necessary to take the contract into consideration at all. The complaint narrows the issue to the question of the negligence of the defendant in operating its cars in the manner above stated, "at or near Brookfield station." This is entirely outside of any exemption clause in the contract, and there was no attempt by the defendant on the trial to bring the case within any other of the excepted clauses in the contract, and no contributory negligence is charged by the defendant, so that plaintiff's right to recover was limited to the specific causes charged by him; and upon this issue the evidence was conflicting, and the question was therefore properly submitted to the jury. The exemption of the carrier from its liability as an insurer, or its common-law liability, is entirely inoperative as against its own negligence in causing or contributing to the injury complained of. As the recovery in this case depends wholly upon the negligence of the defendant in handling its cars, the law will not permit the defendant to limit its responsibility by contract, either as to the right or amount of the recovery. And upon such issue the transportation of live-stock stands upon the same footing as that of other freight. *Moulton* v. *St. Paul, M. & M. Ry. Co., supra.* All the evidence relates chiefly to the contract, or bears upon the question of the circumstances of the accident, the management of the train, and the alleged negligent acts of the defendant. The rulings of the court touching the contract were not

prejudicial, for the reason we have stated. They require no further notice. And as to the issue between the parties in respect to the negligence of the defendant and the cause of the injury, it was so clearly defined in the evidence that the jury could not well be misled.

And the only other question which it is necessary to consider is the alleged error of the court in its refusal to give to the jury the fourth instruction asked by the defendant, in which the court was requested to charge as follows: "The plaintiff cannot recover anything in this action unless, by a fair preponderance of evidence, he shall show that the stallion was killed by the negligence of the defendant company, its servants or agents, by reason of the bumping or jarring of cars at Brookfield, Wis." It was not necessary that the complaint should specify the particular cause which produced the injury. As before mentioned, the plaintiff might have alleged generally the delivery of the chattel, and that it was injured while being transported, (Edw. Bailm. § 659;) and proof of these facts would have been sufficient to make a *prima facie* case of negligence on the part of the defendant, and the burden would then have rested on the defendant to show that the injury was not occasioned by its fault, mismanagement, or negligence. Still the *onus* of proving to the satisfaction of the jury the essential facts alleged, and necessary to establish a *prima facie* case, would be upon the plaintiff, as in other cases. So in this case the burden was upon the plaintiff to establish by a preponderance of evidence that the animal was thrown down or injured by the violent collision of the cars as alleged, and this, unexplained, would make a *prima facie* case of negligence; and it would then devolve on the defendant, as a common carrier, controlling the agencies and instrumentalities through which the accident occurred, to disprove its negligence by showing that the injury was occasioned without its fault. The plaintiff was not bound to go further than to prove the facts necessary to establish a *prima facie* case. He was not obliged to prove affirmatively the misconduct or negligence of defendant's agents which caused or resulted in the accident or produced the collision. A case having been made against the company, it was for it to excuse or explain it consistently with the faithful discharge of its duty. The rule is founded in reason and sound policy.

*Hull* v. *Chicago, St. Paul, M. & O Ry. Co.,* 41 Minn. 510, 514, (43 N. W. Rep. 391;) *Smith* v. *St. Paul City Ry. Co.,* 32 Minn. 1, (18 N. W. Rep. 827;) Edw. Bailm. §§ 669, 672. The instruction as asked was therefore too broad, and was properly rejected.

Order affirmed.