JOHN A. SHEA v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE
RAILWAY COMPANY.[1]

December 19, 1895.

Nos. 9030—(212).

**Carrier—Special Acceptance—Burden of Proof.**

> If the acceptance of goods for transportation by a common carrier be special, the burden of proof in case of loss is upon him to show, not only that the cause of the loss was within the terms of the exception, but also that there was on his part no negligence or want of due care.

**Same—Delivery to Consignee—Charges.**

> When property has been delivered by a common carrier to a consignee, the presumption is that the latter has paid the carrier's charges.

**Bill of Lading—Unreasonable Condition.**

> A condition in a bill of lading which provides that the amount of loss or damage incurred by a carrier is to be computed at the value of the property at the time and place of shipment, and wholly fails to provide for restitution of the amount which may have been paid by the consignee as freight charges, is unjust, unreasonable, and against public policy.

Appeal by defendant from an order of the municipal court of Minneapolis, Holt, J., denying a motion for a new trial, after a verdict in favor of plaintiff for $267.87. Affirmed.

*Alfred H. Bright* and *Geo. B. Young*, for appellant.

*Stiles & Stiles*, for respondent.

COLLINS, J. 1. There is no merit in the first assignment of error, that the court erred when sustaining an objection to the introduction in evidence of defendant's Exhibit No. 3,—a bill of lading. The purpose of this offer, as stated by counsel, was to show that the oranges in controversy were consigned to Spear & Co., and not to plaintiff. No foundation was laid for the introduction in evidence of the exhibit, and, even if there had been, the parties had already stipulated that the consignment was to the plaintiff. Defendant was bound by the stipulation, and could not be allowed to contradict it, as was the admitted purpose of the offer.

2. There was no error in those portions of the charge challenged

[1] Reported in 65 N. W. 458.

by the second and third assignments. It was stipulated that the oranges, in barrels, were delivered to the initial carrier unfrozen and uninjured by frost, and it was recited in defendant's Exhibit No. 1— a bill of lading sent to plaintiff—that the oranges were received in apparent good order by the initial carrier at Providence, R. I. In speaking of the place of shipment the court—evidently inadvertently—referred to New York as the shipping point. The jury must have understood that the place of shipment where the oranges were delivered to the initial carrier, and, as stipulated, unfrozen and uninjured by frost, was meant, and also understood that, when adverting to their being in good condition when so shipped, the court spoke only of their condition as to injury from frost, not as to their good condition otherwise.

3. The bill of lading last referred to contained a condition which relieved or exempted defendant carrier, as well as all other carriers of the property, from liability in case of injury or destruction by decay, heat, frost, and other specified causes. The fourth and fifth assignments of error question that part of the charge whereby the jury were instructed that the burden of proof was on the defendant carrier to show that it had not been negligent, although the loss resulted from one of the excepted clauses. In 2 Greenleaf, Ev. § 219, the rule is stated thus: "If the acceptance of the goods was special, the burden of proof is still on the carrier to show, not only that the cause of the loss was within the terms of the exception, but also that there was on his part no negligence or want of due care." This was quoted with approval in Shriver v. Sioux City & St. P. R. Co., 24 Minn. 506. See, also, Lindsley v. Chicago, M. & St. P. R. Co., 36 Minn. 539, 33 N. W. 1; Hull v. Chicago, St. P., M. & O. R. Co., 41 Minn. 510, 43 N. W. 391; Boehl v. Chicago, M. & St. P. R. Co., 44 Minn. 191, 46 N. W. 333,—in which cases the question here was virtually decided. The charge was strictly correct.

4. The bill of lading here contained a condition that the amount of any loss or damage incurred by any carrier should be computed at the value of the property at the time and place of shipment. The measure of damages in this case was stated by the court to be the difference in value of the oranges as they were when received by plaintiff, and their value had they been delivered uninjured by frost. To this defendant's counsel excepted.

From the fact that the property was delivered to plaintiffs at the point of destination, it is to be presumed that they paid the freight charges thereon. If they did not, the defendant should have made it appear. Admitting that, if the carrier's charges had not been paid or incurred, this condition as to value in case of loss or damage would be binding upon the parties, it is clear that it would not be where freight charges had been paid or incurred by a consignee. A condition in a bill of lading which requires the amount of loss or damage incurred by a carrier to be computed at the value of the property at the time and place of shipment, ignores the fact that freight charges may have been paid by the consignee upon property injured by the carrier's negligence, and wholly fails to provide for restitution of the amount which may have been paid, must be declared unjust, unreasonable, and against public policy. If it were not so declared, it might happen that the consignee, when recovering the value of the property at the time and place of shipment, would recover less than he had paid out as freight charges. In construing the condition in question as failing to provide for charges which have been paid, we place the construction adopted by defendant's counsel in their fifth request to charge, which was refused. But such refusal has not been made the basis for an assignment of error. There was no error in the charge as to the measure of damages.

Order affirmed.