JOHN W. BEEDE v. WISCONSIN CENTRAL RAILWAY COMPANY.[1]

June 19, 1903.

Nos. 13,459—(138).

**Connecting Carriers—Burden of Proof.**

Where goods have been transported by several connecting carriers, and they are shown to have been in good condition when delivered to the first carrier, but damaged when delivered by the last carrier, the burden is on it to show that the loss did not result from any cause for which it was responsible. The rule is not modified when the goods are transported in through sealed cars.

[1] Reported in 95 N. W. 454.

**Verdict Sustained by Evidence.**

> The verdict herein, to the effect that certain apples were injured by frost while in the custody of the defendant by its negligence, is sustained by the evidence.

Appeal by defendant from an order of the municipal court of Minneapolis, Dickinson, J., denying a motion for judgment notwithstanding the verdict or for a new trial, after a trial and verdict in favor of plaintiff for $262.26. Affirmed.

*Edmund A. Prendergast* and *Thomas H. Gill,* for appellant.

*Geo. C. Stiles,* for respondent.

START, C. J

Action to recover damages which the plaintiff sustained by the alleged negligence of the defendant, as a common carrier, in the transportation of two carloads of apples. At the close of the evidence the defendant requested the trial court to direct a verdict in its favor. The motion was denied, and the cause submitted to the jury, and a verdict returned in favor of the plaintiff. The defendant appealed from an order denying its motion for judgment or a new trial.

The principal question on this appeal is whether the verdict is sustained by the evidence. The facts were stipulated by the parties, except certain facts to which an expert testified. The facts, as stipulated, were, in effect, these: The plaintiff shipped from Plymouth, New Hampshire, two carloads of apples, consigned to himself at St. Paul. The apples were in good condition when delivered to the initial carrier, and were placed in refrigerator cars, and forwarded at owner's risk of freezing, and arrived at their destination with the seal to the cars intact. When the apples were delivered to the plaintiff at St. Paul by the defendant, the last carrier, they had been injured by frost, and the plaintiff was damaged thereby in the sum of $236.25, for which sum, with interest, it was stipulated he should have judgment in this case, if entitled to recover. The cars reached Lancaster, New Hampshire, December 9, 1900, and remained there some nineteen hours. During this time the thermometer ranged from six to sixteen degrees below zero. It does not appear whether anything was done to protect the apples from frost while the cars were at Lancaster. The cars came into the possession of the defendant at Manitowoc on December

15, and were forwarded over its line on the first train leaving after their arrival. In the meantime they stood upon the side track of the defendant seventeen hours without any protection from the elements, during which time the thermometer ranged from eight to seventeen degrees below freezing point. There was also testimony by an expert in handling and transporting fruit to the effect that apples, if kept in motion, could be transported in refrigerator cars without freezing when the thermometer ranged from zero to fifteen degrees below. He also expressed an opinion to the effect that, if the apples were side-tracked and remained without any protection for seventeen hours, they would become frosted, with the thermometer standing from eight to seventeen degrees below freezing point.

It is the claim of the defendant that it conclusively appears from the evidence that the apples were frozen before they came to the possession of the defendant. It may be conceded that the evidence would sustain a verdict to that effect, but we are of the opinion that the verdict against the defendant is not so decidedly against the preponderance of the evidence as to justify us in interfering with it. The apples were in good condition when accepted by the first carrier, and damaged by frost when delivered to the consignee by the defendant, the last carrier; hence the burden was on it to show that the loss did not result from any cause for which it was responsible. Shriver v. Sioux City & St. P. R. Co., 24 Minn. 506; Shea v. Minneapolis, St. P. & S. Ste. M. Ry. Co., 63 Minn. 228, 65 N. W. 458. This rule is not modified, as defendant claims, by the fact that the apples were transported in through sealed cars. Leo v. St. Paul, M. & M. Ry. Co., 30 Minn. 438, 15 N. W. 872.

The defendant sought to show that it was not responsible for the loss by showing that the weather was colder while the apples were in the hands of the initial and intermediate carriers than it was while the defendant had control of them, and that for nineteen hours the cars were detained at Lancaster when the weather was severely cold. It cannot, however, be presumed, in the absence of evidence, that no measures were taken to protect the apples from frost during this delay. The evidence was not conclusive that the apples were in the same condition when they came to the hands of the defendant as they were when it delivered them to the plaintiff, for the inference to be drawn

from the admitted facts was one of fact for the jury. There were no prejudicial errors in the charge of the court. It is clear from the whole charge that the court did not intend to submit to the jury any claim on the part of the plaintiff for damages by reason of the delay of the cars at Manitowoc. What was said in this respect was technically inaccurate, but could not, in our opinion, have misled the jury. If defendant believed otherwise, it should have called the attention of the court to the matter. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754.

Order affirmed.