GRANT SMITH v. GREAT NORTHERN RAILWAY. COMPANY.[1]

April 15, 1904.

Nos. 13,781—(57).

**Carrier—Pleading.**

    The complaint alleges the relation of shipper and carrier between the parties; the delivery by the plaintiff and the acceptance by the defendant carrier of certain horses, in good health and condition, for transportation by it; the duty, necessarily arising from such relation, to safely carry and deliver them to the consignees; and the loss of a part of them by death, and the injury of the rest of them in transit, by and through its negligence. *Held,* that the complaint states facts constituting a cause of action.

    Action in the district court for Ramsey county to recover $17,570 for the death of certain horses and the depreciation in value of others, while in possession of defendant as a common carrier. From an order, Orr, J., overruling a demurrer to the complaint, defendant appealed. Affirmed.

    *M. L. Countryman,* for appellant.

    *J. P. Kyle,* for respondent.

START, C. J.[2]

    The complaint herein alleges that the defendant is a common carrier of freight for hire over its railway line from Ephrata, in the state of Washington, to St. Paul, Minnesota; that on May 11, 1903, the plaintiff, at Ephrata, delivered to the defendant five hundred thirty eight horses, then in good health and condition, of which he was the owner, to be transported by it over its line of railway in consideration of certain tolls to be charged and paid therefor; that the defendant accepted the horses for such transportation, and it was its duty to transport them safely over its own line of railway and connections, and deliver them in good condition to the consignee at their destination; that, by and through the negligence of the defendant, three hundred eighty

---

[1] Reported in 99 N. W. 47.      [2] DOUGLAS, J., ill, took no part.

of the horses died in the state of Montana, while in the possession of the defendant, and during the course of transportation by it, and were and are a total loss, and the rest of them were damaged to the extent of $15 each; that the horses which died were of the reasonable value of $40 each; and further that, by reason of the premises, plaintiff has been damaged in the sum of $17,570. To this complaint the defendant interposed a general demurrer, and appealed from an order of the district court of the county of Ramsey overruling the demurrer. The question for our decision is simply whether the allegations of the complaint charge the defendant with liability as a common carrier for the loss of plaintiff's horses.

The defendant claims that. the allegation in the complaint of negligence on its part is not an allegation of fact, but of a mere conclusion. It is an allegation of an ultimate fact, and, in connection with the other allegations of the complaint, is sufficient to show a prima facie liability on the part of the defendant for the loss of the horses. Clark v. Chicago, M. & St. P. Ry. Co., 28 Minn. 69, 9 N. W. 75.

The complaint alleges the relation of shipper and carrier between the parties; the delivery to and the acceptance of the horses in good health and condition for transportation by the carrier; its duty, necessarily arising from such relation, to carry and deliver them safely to the consignee; and the loss of a part of them by death, and the injury of the rest of them while in its possession, by and through its negligence. These allegations include everything essential for the plaintiff to prove to establish his case, leaving it for the defendant to excuse itself by showing that the loss was not due to any omission of duty or negligence on its part. The complaint states facts constituting a cause of action. 3 Enc. Pl. & Pr. 848; McCauley v. Davidson, 10 Minn. 335 (418); Lindsley v. Chicago, M. & St. P. Ry. Co., 36 Minn. 539, 33 N. W. 7; Boehl v. Chicago, M. & St. P. Ry. Co., 44 Minn. 191, 46 N. W. 333; Hinton v. Eastern Ry. Co., 72 Minn. 339, 75 N. W. 373.

The defendant urges that it cannot intelligently answer the complaint, nor defend the action, unless the allegations are more specific. The defendant had the possession and control of the horses, and is supposed to have better means of knowing what happened to them in transit, and the specific cause of their death or injury, than the. plaintiff

has.  If, however, the fact be otherwise, the defendant's remedy is not by demurrer, but by a motion to make the complaint more definite and certain.

Order affirmed.

---

[1] Reported in 99 N. W. 45.          [2] DOUGLAS, J., ill, took no part.