## CALENDER–VANDERHOOF COMPANY v. CHICAGO, BURLINGTON AND QUINCY RAILWAY COMPANY.[1]

November 2, 1906.

Nos. 14,877—(38).

**Carrier—Injury to Shipment.**

It being a hazardous and unusual proceeding to ship apples in bulk in box freight cars from the state of New York to Minneapolis, Minnesota, during the month of November, owing to the liability of encountering cold weather, a connecting railroad at Chicago, over which the car is routed to the point of delivery, is not required to anticipate that a car of apples so loaded will be delivered upon its yard tracks, and be prepared to take extraordinary precautions to protect the fruit from frost.

[1] Reported in 109 N. W. 402.

**Reasonable Care.**

Under the evidence, if true, appellant exercised reasonable care in receiving and forwarding the fruit, and it was error to instruct the jury that they might consider whether appellant was required to immediately transfer the fruit to another car, or send the car to a roundhouse.

**Contributory Negligence.**

The fact that the shipper packed and shipped fruit in the manner indicated, at that season of the year, did not constitute contributory negligence so as to preclude recovery for such damages as appellant might have prevented in the exercise of reasonable care.

Action in the municipal court of Minneapolis to recover $289.15 for loss sustained in the transportation of a carload of apples. The case was tried before Waite, J., and a jury, which returned a verdict in favor of plaintiff for $224. From an order denying motions for judgment notwithstanding the verdict and for a new trial, defendant appealed. Reversed and a new trial granted.

*Young & Lightner,* for appellant.

*George C. Stiles,* for respondent.

LEWIS, J.

Respondent corporation, a commission firm in Minneapolis, was engaged in buying apples in the state of New York, and shipping them to Minneapolis in carload lots. November 13, 1903, respondent delivered a carload of apples at Hamlin, New York, to the New York Central & Hudson River Railroad Company, and because of shortage of barrels or inability to get a refrigerator car the apples were loaded in bulk in the two ends of an ordinary box freight car, held in place by bulkheads, and the space between the bulkheads was filled with thirty four barrels of apples. In the course of transit the car was delivered to the connecting carrier, appellant company, at 11:55 p. m., November 18, at its yard in Chicago. About two hours later, one of appellant's employees discovered the car, and testified that he found one of its doors off the runner so that it was open at the side and underneath sufficiently to enable him to put in his arm up to the elbow; that he felt the apples loose all around the door, and with the aid of his lantern could see, and also feel, that they were frozen. The car was permitted to remain on the track until 6:30 in the morning of November 19 when the apples were transferred to a refrigerator car,

and sent on to Minneapolis. At the trial, respondent introduced evidence to show that the apples were in sound condition when shipped from Hamlin, N. Y., and upon delivery at Minneapolis were seriously damaged by being bruised and frostbitten, and this action was brought to recover the amount of the damage which was claimed to be $289. The defenses pleaded and relied upon at the trial were that respondent could not recover in any event upon the ground that it was guilty of contributory negligence in shipping apples in a common box car at that season of the year; and further, that the apples were delivered to appellant company at Chicago in a damaged and frozen condition; that they were properly handled, and were not damaged while under its control.

The court instructed the jury that the mere fact of packing the apples in bulk and shipping them in a box car instead of packing them in barrels or loading them in a refrigerator car, did not, in itself, constitute contributory negligence so as to constitute a complete defense. The court also instructed the jury that respondent, having shown by creditable evidence that the apples were in sound condition when shipped from New York, and in a damaged state when delivered at Minneapolis, the presumption was that they were delivered to appellant at its yard in Chicago in the same condition in which originally shipped, and that the damage occurred while the fruit was in its possession. A verdict was returned for respondent in the sum of $224.

The court instructed the jury that the presumption above noted was for the jury to consider in determining the facts, and in determining the responsibility for the condition of the car when examined by appellant's agent in Chicago on the morning of November 19; that such presumption was not conclusive but would yield to any reasonable evidence. To this extent the charge was correct. Shriver v. Sioux City & St. P. R. Co., 24 Minn. 506, 31 Am. 353; Beede v. Wisconsin Central Ry. Co., 90 Minn. 36, 95 N. W. 454, 101 Am. St. 390.

According to the evidence, the shipping of apples from New York to Minneapolis in an ordinary freight box car at that time of the year was unusual, owing to the liability of change in temperature, yet it seems to us that the mere fact of such packing and shipping does not, in itself, constitute contributory negligence so as to preclude

recovering such damages as may have been caused by appellant. As already stated, appellant's agent, upon examining the car upon its track at about 1:30 a. m. November 19, found the door partly open and apples on the floor among the barrels in a frozen condition. At 6:30 the same morning, a crew of men were set to work to transfer the apples to a refrigerator car, and several witnesses testify that portions of the bulkheads had broken at the top so that several bushels of apples had fallen down among the barrels and were more or less bruised and frozen; that the apples were transferred to the refrigerator car by means of baskets, and while it is not claimed that each particular apple was picked up separately, they were removed by hand, and were not handled roughly. The temperature was fourteen degrees above zero during November 17 and 18, and if the door was partially open during that time, frost must have made its impression on the apples at the time the car was discovered and inspected, as stated, and if portions of the bulkheads had broken down and some twenty bushels of apples had fallen among the barrels in the space between the doors, the car must have encountered rough treatment in its transit from Hamlin, New York, to Chicago, and the apples must have been bruised to some extent.

If the car was in the condition described by the witnesses of appellant, when found upon its track, then appellant was not required to resort to extraordinary or unusual means or expense to save the fruit. All it was required to do was to exercise reasonable care under the circumstances, and if it was not customary to ship apples in bulk in box cars at that season, then appellant was not required to anticipate that a car of perishable fruit, loaded in such manner, would be delivered upon its tracks for transportation at midnight at that time of the year. It was claimed at the trial by respondent that appellant should have taken immediate action, and resorted to some extraordinary means to take care of the fruit for the rest of the night; that it should either have transferred it at once to a proper car, or have taken the car to the roundhouse. The evidence discloses there was no fruithouse for such purpose, no roundhouse within three miles, and that there were neither engine nor men available for that purpose, or for the purpose of transferring the fruit to another car, and it does not appear what other steps appellant could have taken. In the early

morning, as soon as workmen arrived, the fruit was transferred to the refrigerator car, and there is no evidence that any damage was occasioned thereafter.

We are strongly impressed with the effect of this evidence, and if true, in our opinion, appellant did all that could reasonably be required of it under the circumstances. The learned trial court submitted the case in an exhaustive charge, in the main setting forth correct general principles of law, but was in error in directing the jury to take into consideration such extraordinary steps as above noted in determining whether appellant had exercised reasonable care. For this reason, a new trial should be granted.

So ordered.