GEORGE W. DODGE v. CHICAGO, ST. PAUL, MINNEAP-
OLIS & OMAHA RAILWAY COMPANY.[1]

May 20, 1910.

Nos. 16,580—(64).

**Carrier — limiting liability to own line.**
  Action to recover damages to live stock alleged to have been sustained

[1] Reported in 126 N. W. 627.

by the unreasonable delay in its shipment. *Held* that, the obligation of a carrier to carry goods beyond the terminus of his own line being a matter of contract, not of legal duty, he may, if he contracts for through transportation, by the contract limit his responsibility to his own line, for such a limitation does not relieve him from his common-law liability safely to carry and deliver to the connecting carrier; and, further, that no errors were made by the trial court of which the appellant can complain.

On re-argument, June 10, 1910.

**Same — interstate shipments.**

The rule stated in the original opinion as to the validity of a stipulation limiting the liability of a carrier to its own line has no application to interstate shipments.

**Same — federal statutes constitutional.**

The provision of section 7, c. 3591, 34 St. 595, making the initial carrier liable for injury to an interstate shipment caused by it, or any connecting carrier, and providing that no contract shall exempt it from such liability, is constitutional.

Action in the district court for Watonwan county upon four causes of action to recover $507.36 damages. The facts are stated in the opinion. The case was tried before Pfau, J., who submitted to the jury the second and third causes of action and refused to submit the first and fourth causes, for the reason that the evidence was not sufficient to justify the jury in finding a verdict for plaintiff. The jury returned a verdict in favor of plaintiff for $160.01. From an order denying plaintiff's motion for a new trial, he appealed. Reversed as to the second and third causes of action and a new trial granted as to them.

*J. E. Haycraft,* for appellant.

*James B. Sheean,* for respondent.

START, C. J.

This cause was brought in the district court of the county of Watonwan to recover upon four alleged causes of action, namely: (1) For damages sustained by plaintiff in July, 1907, by reason of the defendant's delay in transporting two carloads of hogs, and

for the death of seven of them while in transit. (2) For damages sustained in February, 1908, by the defendant's delay in transporting two carloads of cattle for the plaintiff. (3) For damages sustained in March, 1908, by the defendant's delay in transporting a carload of hogs for the plaintiff. (4) For damages in the sum of $15 for one calf, received by the defendant from the plaintiff for transportation, which it never redelivered to him.

The several alleged causes of action were put in issue by the answer. The action was tried to a jury. The trial judge refused to submit the first and fourth causes of action to the jury, on the ground that the evidence was not sufficient to justify the jury in finding for the plaintiff as to either. The second and third causes were submitted to the jury. Verdict for the plaintiff for $160.01. The plaintiff appealed from an order denying his motion for a new trial, and the defendant from an order denying its motion for judgment notwithstanding the verdict or for a new trial, but it dismissed its appeal on the hearing in this court. No error is assigned by the plaintiff as to the action of the court in refusing to submit to the jury the fourth cause of action.

1. The first assignment of error to be considered is, in effect, that the court erred in denying plaintiff's request to submit the first cause of action, as requested, to the jury. It appears from the undisputed evidence that the delay in this shipment was due solely to an unprecedented storm, and that the defendant was free from any negligence as to such delay. This the plaintiff concedes; but it claims that there was evidence tending to show that seven of the hogs were not delivered to the consignee, but that they died while in defendant's possession. The complaint alleged, as to this shipment of hogs, that by reason of delay in their transportation they shrunk several thousand pounds in weight, and that seven of them were not delivered at all. If the delay in their transportation was the cause of the nondelivery of the seven hogs, as the complaint alleges, then, inasmuch as the defendant was not responsible for the delay, it would seem to follow that it was not liable in any amount on the first cause of action. But, this aside, the undisputed evidence is to the effect that the defendant exercised due care in feeding, watering, and car-

ing for the hogs while they were in its possession. Upon the pleading and the undisputed evidence we hold that the trial court did not err in refusing plaintiff's request to submit the first cause of action to the jury.

2. The plaintiff, in support of his second and third causes of action, introduced evidence tending to show that there was an unreasonable delay in transporting the stock by a connecting line and a material shrinkage in the weight of the stock by reason thereof. The trial court instructed the jury, in effect, that they should deduct from the actual shrinkage in the weight of the stock shown by the evidence such loss in weight as naturally resulted from the shipment. There was no evidence received or offered tending to show that in this particular case there would have been a loss in weight of the stock, if there had been no unreasonable delay in the transportation, or any facts from which the jury might fairly make a finding as to the extent of such natural shrinkage, if any there were. The giving of this instruction is urged as error. It may be conceded that it was incorrect. Nevertheless it is clear, from a consideration of the record, that it was not reversible error; for it conclusively appears therefrom that there was no unreasonable delay in the shipment on the defendant's line. It was stipulated on the trial as to each alleged cause of action that the stock was received by the defendant at Madelia, on its line, and transported without unreasonable delay and delivered at Mankato to the connecting carrier, the Chicago & North Western Railway Company. The contract of shipment was for through transportation from a point on the defendant's line to the point of destination, Chicago, on the connecting carrier's line. If this were all of the contract, the defendant would be liable for the default of the connecting line; but the contract for through transportation expressly provided that the defendant should not be liable for any loss occurring after the stock should be delivered to the connecting carrier.

The pivotal question, then, is the validity of this limitation; for, if valid, the plaintiff was not entitled to recover on either of the causes of action. A railroad company, receiving goods to be transported over its own and other connecting lines, is not responsible

for the default of other carriers beyond the terminus of its own line, unless it has contracted to transport and deliver them at a destination beyond its own line. In the absence of such a contract it is the duty of the carrier, receiving the goods for carriage over several connecting lines, safely to carry them to the end of its line and there deliver them to the next carrier. This is the carrier's common-law duty, and any contract attempting to exonerate himself from liability for loss or injury to the goods by reason of his or his agent's negligence is contrary to public policy and void. The obligation of the carrier to carry goods beyond the terminus of his own line being a matter of contract, and not of legal duty, he may, if he contracts for through transportation, by the contract limit his responsibility to his own line; for such a limitation does not relieve him from his common-law liability safely to carry and deliver to the connecting carrier. 1 Hutchinson, Carriers, § 233; 4 Elliott, Railroads, § 1438; Shriver v. Sioux City & St. P. R. Co., 24 Minn. 506, 31 Am. Rep. 353; Ortt v. Minneapolis & St. L. R. Co., 36 Minn. 396, 31 N. W. 519; Wehmann v. Minneapolis, St. P. & S. Ste. M. Ry. Co., 58 Minn. 22, 59 N. W. 546; Myrick v. Michigan Central R. Co., 107 U. S. 102, 1 Sup. Ct. 425, 27 L. Ed. 325; Chicago v. Calumet, 194 Ill. 9, 88 Am. St. 68, 101, notes.

It appearing from the record that there was no unreasonable delay in the shipment over its own line, and the contract limiting its liability to that imposed by the common law being valid, it follows that the plaintiff was not prejudiced by the instruction complained of.

Order affirmed.

A rehearing having been granted, the following opinion was filed on June 10, 1910:

START, C. J.

On the original hearing of this appeal the defendant asserted the validity of the clause in the contract of shipment limiting its liability to its own line, and the plaintiff denied it. Neither party referred to or made any claim under the "Hepburn law" (Act June 29, 1906, c. 3591, § 7, 34 St. 593 [U. S. Comp. St. Supp. 1909, p. 1166]), which provides: "That any common carrier, railroad or transporta-

tion company, receiving property for transportation from a point in one state to a point in another state shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage or injury to such property caused by it or by any common carrier, railroad or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed, provided that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law."

The validity and effect of the contract limiting the defendant's liability to its own line were accordingly determined without reference to the statute we have quoted. A reargument for this reason was granted, on application of the plaintiff. While the contract in question is valid at common law and is not forbidden by our own statute (R. L. 1905, § 2008), which provides that the liability of common carriers at common law shall not be limited by contract, yet the shipment in this case was interstate, and the question of the validity of the contract must be determined with reference to the federal statute.

It is urged by the defendant that this statute is unconstitutional, for the reason that it imposes upon the initial carrier a liability for the default of the connecting carrier, which does not exist at common law. This statute does not impose upon the initial carrier the duty of receiving interstate shipments for through transportation by it; but, if such shipments are received for through transportation and delivery beyond its line by it, the statute forbids any stipulation for exemption from liability for loss due to the default of its agents, the connecting carriers. We are of the opinion that the statute in question is a wise and just regulation of interstate commerce, and therefore constitutional. Riverside Mills v. Atlantic Coast Line R. Co. (C. C.) 168 Fed. 987; Holland v. Chicago, 139 Mo. App. 702, 123 S. W. 987.

It follows that the stipulation by the defendant, limiting its liability to its own line, is void, and that the question whether the trial

court erred in its instructions to the jury must be determined without reference to such stipulation. We hold, for reasons stated in the original opinion, that the trial court rightly refused to submit the plaintiff's first alleged cause of action to the jury. We are, however, of the opinion that the trial court erred in instructing the jury, as to plaintiff's first and second alleged causes of action, that they should deduct from the actual shrinkage in the weight of the stock such loss in weight as naturally resulted from the shipment, for the reason that there was no evidence which could be made the basis of any such deduction.

Order reversed as to the second and third causes of action, and a new trial granted as to them.