40   545'
170   43.

THOMAS A. STOKOE *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.

## May 31, 1889.

**Papers of Client in Attorney's Possession—What Disclosure may be Required.**—An attorney is not obliged to produce a writing intrusted to him by his client, or to disclose its contents, without his consent; but he may be required to state whether he has it in his possession, for the purpose of authorizing the adverse party to give parol evidence of its contents.

Appeal by plaintiff from an order of the district court for Stearns county, *Searle*, J., presiding, refusing a new trial. The reply admitted the making of the release pleaded in the answer, and alleged, in avoidance, that it was obtained by defendant's agent by false representations.

*O. W. Baldwin* and *L. S. Thomas*, for appellant.

*M. D. Grover* and *Reynolds & Stewart*, for respondent.

VANDERBURGH, J. The plaintiff, who was an employe of the defendant, was injured while coupling freight cars. He complains that the accident causing the injury happened without fault on his part, by reason of the unsafe coupling attachment or draw-bar left in use on one of the cars, and which was of an old and inferior kind or pattern, the defects and dangers of which he described to the jury, and contrasted with the later and improved couplers in use on other of defendant's cars. Other experienced brakemen also testified upon

v.40M.—35

the same subject. We think there was evidence for the consideration of the jury on this branch of the case.

One of the defences in the case is an alleged release by plaintiff of his claim for damages, which plaintiff insists was procured by fraud, and it was material to his case to have it produced·or its contents proved on the trial. One of the defendant's attorneys, present in court, was sworn on behalf of the plaintiff, and was asked if he had in his possession the release in question. He refused to answer, on the ground of his privilege as an attorney in the case, and the court sustained the objection. Secondary evidence was therefore not allowed, and the action was thereupon dismissed, on defendant's motion. The court erred in not requiring the witness to answer. The attorneys for the defendant were not bound to produce writings intrusted to them by their client, either after notice to produce them or upon demand in court, nor to give evidence of their contents; but they could not prevent the plaintiff from giving evidence of their contents, if proper notice had been served, or if, having the same in their possession, they were able to produce them on the trial; and hence the rule is well settled that an attorney may be compelled to state whether he has the required instrument in his possession, for the purpose of authorizing the adverse party to give parol evidence of its contents. *Brandt* v. *Klein,* 17 John. 335; *Mitchell's Case,* 12 Abb. Pr. 249, 258; *Coveney* v. *Tannahill,* 1 Hill, 33, (37 Am. Dec. 287;) 1 Greenl. Ev. § 241.

Order reversed.