INTERNATIONAL & GREAT NORTHERN RAILWAY COMPANY v.
J. F. ANDERSON.

No. 90.

1. **Non est Factum — Denial of Partnership — Agency.** — Action against the International & Great Northern Railway Company for damages to horses shipped at San Antonio, Texas, for Hannibal, Missouri. It was alleged that the freight contract with the shipper had been made by the Missouri Pacific Railway Company as agent for the defendant company, and of the Missouri, Kansas & Texas Railway, then operated by the Missouri Pacific Railway Company, and that it stipulated for limitation of liability beyond its own road. The injury was not incurred on the road of the defendant. The defendant denied under oath that a partnership existed between the said railway companies. It did not deny the execution of the contract. *Held*, that in such condition of the pleading the freight contract was relevant and admissible, although on its face it did not appear to have been executed by or for the defendant company.

2. **Duty of Carrier—Press of Business.**—Where a carrier has received freight for shipment, it can not excuse delay by showing an unusual pressure of business. Such pressure may in some instances justify the refusal by the carrier to receive freight.

3. **Joint Obligors.**—Under the pleading and the contract admitted the several roads were liable as joint obligors, and it was not necessary to the liability of the defendant that it appear that it received the freight charges, or a part of the profits of the freight shipment.

4. **Limitation of Liability by Railway Company to its own Lines.** So far as the Missouri Pacific Railway Company is concerned, every line of road operated by it at the time it made such freight contract is to be regarded as a part of "the line of the Missouri Pacific Railway Company," to which the liability was restricted. There being no denial of the execution by the defendant, it must be held as a joint obligor, and that the stipulated limitation did not end before the freight passed beyond the lines controlled by the Missouri Pacific Railway Company, which made the contract.

5. **Value — Damages — Case Adhered to.**— Railway v. Greathouse, 82 Texas, 108, adhered to, in holding that the measure of damages for delay in delivering freight, is the difference between its value when delivered and what it would have been if delivered at its designation as it should have been.

APPEAL from La Salle. Tried below before Hon. D. P. MARR.

*Barnard & Green*, for appellant.— 1. The court erred in admitting in evidence the contract attached to plaintiff's petition, because it did not purport to be executed by this defendant, either in person or by an agent. The plaintiff alleges, "that on the 2nd day of May, 1888, the Missouri Pacific Railway Company, as the agent of the International & Great Northern Railroad Company and the Missouri, Kansas & Texas Railroad Company, and each of them, entered into a contract with the plaintiff herein;" whereas the contract introduced purports to be executed by the Missouri Pacific Railway Company for itself, and on its own account alone, by and through its own agent, Geo. H. Campbell. The contract

is signed "Geo. H. Campbell, agent for Missouri Pacific Railway Company," and "J. F. Anderson, shipper." Railway v. Tisdale, 74 Texas, 8.

2. Unless there is a valid contract fixing some other place at which the value of the cattle must be fixed, the value at the place of destination is the criterion in fixing the measure of damages. This value must be proved by witnesses who knew it at the place. Resort can not be had to the value of the same article at another place and in another market, unless it is shown that the article damaged had no market value at the place of destination. Railway v. Maddox, 75 Texas, 300; 2 Suth. on Dam., 375; Field on Dam., 232, sec. 245.

3. If damages are sought for delay, the common carrier is not held to the strict rule of liability for all things except those arising from the act of God or the public enemy, but he may offer any reasonable excuse which shows that the delay did not arise from negligence or carelessness on his part. Railway v. McCorquodale, 71 Texas, 46; Railway v. Tisdale, 74 Texas, 8; Railway v. Dawson, 18 Am. and Eng. Ry. Cases, 521; McCarty v. Railway, 9 Mo. App., 157; Railway v. Smith, 63 Texas, 322; Railway v. Haynes, 30 Am. and Eng. Ry. Cases, 38; Hutch. on Carr., sec. 292.

4. A railway company may limit its liability to its own line, and any carrier over whose line the freight goes under the contract is entitled to the benefit of the stipulations in the contract of shipment. Railway v. Baird, 75 Texas, 257; Harris v. Howe, 74 Texas, 534; Morse v. Branard, 41 Vt., 550; Stewart v. Trans. Co., 47 Iowa, 229; Railway v. Bank, 20 Wis., 122; Irwin v. Railway, 59 N. Y., 653; Shelton v. Trans. Co., 59 N. Y., 258; Railway v. Frankenberg, 54 Ill., 88; Railway v. Wilcox, 84 Ill., 239; Laws. on Con. of Carr., sec. 236.

5. If there is a consideration shown for the contract, such as a reduced rate of freight, then the contract is reasonable and the stipulations in it are reasonable. The common carrier can not be compelled to make a through contract. In consideration of the making of the through contract, giving the shipper a pass, and making a special rate of freight, the plaintiff agreed to measure his damages with reference to the value of the animals at San Antonio on the date of their shipment. Greenh. on Pub. Pol., 517; Oppenheimer v. Express Co., 69 Ill., 62; Railway v. Henlein, 52 Ala., 606; Squire v. Railway, 98 Mass., 239; Harvey v. Railway, 74 Mo., 538; Ernest v. Express Co., 1 Wood, 573; Elkines v. Trans. Co., 81 Pa. St., 315; Scruggs v. Railway, 5 McCreary, 590; The Hadji, 18 Fed. Rep., 459; Lydian Monarch, 23 Fed. Rep., 298; McCoun v. Railway, 3 H. & C. (Eng.), 343; Graves v. Railway, 137 Mass., 33; Arnold v. Railway, 83 Ill., 273; Muser v. Holland, 17 Blatch., 412; Hill v. Railway, 3 N. E. Rep., 916.

*Lane & Mayfield* and *Wm. C. Berry*, for appellee.—1. When a suit is founded upon an instrument in writing, charged to have been executed

by authority of defendant, though it may not on its face purport to be the act of defendant, yet the allegation is taken as true, and no evidence showing that the instrument was not executed by the authority of defendant is admissible in the absence of a plea of non est factum, verified by affidavit. The allegation of execution of the contract being confessed, needs no further proof to sustain it. Rev. Stats., art. 1265, subdiv. 8; Water Works v. White, 61 Texas, 538; Bradford v. Taylor, 61 Texas, 509; Railway v. Tisdale, 74 Texas, 8.

2. While plaintiff virtually alleged a partnership, or running arrangement or agreement, between the defendant the International & Great Northern Railway Company, the Missouri, Kansas & Texas Railway Company, and the Missouri Pacific Railway Company, which defendant denied under oath, yet plaintiff did not allege that the Missouri Pacific Railway Company had executed the contract sued on as the agent of the partnership, but on the other hand, did allege that each of said companies was the agent of the other individually, and that the Missouri Pacific executed said contract as the individual agent of the defendant, the International & Great Northern Railway Company, which latter allegation was not denied under oath, as required by the statute. Water Works v. White, 61 Texas, 538; Bradford v. Taylor, 61 Texas, 509; Railway v. Tisdale, 74 Texas, 8.

KEY, Associate Justice.—There is evidence in the record to support the following propositions, which we adopt as findings of facts:

1. May 2, 1888, appellee shipped 52 head of horses over the International & Great Northern Railway, the Missouri, Kansas & Texas Railway, and the Missouri Pacific Railway, from San Antonio, Texas, to Hannibal, Missouri.

2. These horses were shipped under the written contract attached to plaintiff's petition, marked exhibit A.

3. After they had passed off the defendant's, and while on the Missouri, Kansas & Texas and Missouri Pacific Railways, through the negligence of the Missouri Pacific Railway Company, which was then operating the International & Great Northern Railway, the Missouri, Kansas & Texas Railway, and the Missouri Pacific Railway, making a continuous line from San Antonio, Texas, to Hannibal, Missouri, the horses were injured and damaged as alleged to the extent of $260.

4. At the time in question, and under a contract with appellant, the latter's railway extending from San Antonio to Taylor, Texas, was controlled, managed, and operated by the Missouri Pacific Railway Company; and said company had like control of the Missouri, Kansas & Texas Railway, extending from Taylor to Fort Worth and Denison, Texas, operating these and other roads as the Missouri Pacific Railway system.

Though appellant's answer denied under oath the existence of the partnership charged in the petition, it did not in like manner deny the allegation that the Missouri Pacific Railway Company executed the contract attached to appellee's petition as agent for appellant; and it was proper to admit the contract in evidence, though it did not show on its face that it was executed for or on behalf of appellant. Rev. Stats., art. 1265; Water Works v. White, 61 Texas, 538; Bradford v. Taylor, 61 Texas, 509; Railway v. Tisdale, 74 Texas, 8.

There was no error in admitting the testimony of the witnesses Singer, Anderson, and Nash. They showed themselves sufficiently acquainted with the market value of such live stock at and in the immediate vicinity of Hannibal, Missouri, the point to which the horses were shipped, to qualify them to give evidence on the question of value. 1 Suth. on Dam., 769.

Appellant having accepted the horses for shipment, it can not excuse itself from liability for injuries resulting from delay in their transportation upon the ground that there was an unusual rush of business on its road.

The volume of business offered to or accepted by a common carrier can not avail to relieve it from the performance of a contract already entered into. An excess of business might, under some circumstances, justify a refusal to accept live stock for shipment, but it could not excuse a nonperformance of contract obligations.

Appellant assigns as error the refusal of the court to charge the jury, that appellee could not recover unless it was shown that appellant received the freight charges, or part of the profit arising from the transportation of his animals.

For two reasons the charge was properly refused: first, because a partnership may be shown by proof of an agreement to divide receipts or profits, without showing such division; and second, appellant having failed to deny under oath that the contract sued on was executed by its authority and for it, independent of the question of partnership, it was liable for any breach thereof. It could bind itself as a joint obligor without being a partner.

It is claimed that the contract sued on exempts appellant from liability beyond its own road; and that as the injuries complained of occurred on the lines of the Missouri, Kansas & Texas and Missouri Pacific Railways, the suit can not be maintained.

Though the contract purports on its face to be only an agreement between appellee and the Missouri Pacific Railway Company, it is charged in the petition, and not denied under oath, that said company executed it for itself and as agent of the Missouri, Kansas & Texas Railway Company and the International & Great Northern Railway Company.

The contract shows that at the time in question the Missouri Pacific Railway Company was operating, in connection with its own road, certain leased lines of railway, and the evidence discloses that the roads belonging to the International & Great Northern Railway Company and the Missouri, Kansas & Texas Railway Company were two of the lines thus operated.

The twelfth stipulation in the contract reads as follows: "And it is further stipulated and agreed between the parties hereto, that in case the live stock mentioned herein is to be transported over the road or roads of any other railroad company, the said party of the first part shall be released from liability of every kind after said live stock shall have left its road, and the party of the second part hereby so expressly stipulates and agrees; the understanding of both parties hereto being that the party of the first part shall not be held or deemed liable for anything beyond the line of the Missouri Pacific Railway Company, excepting to protect the through rate of freight named herein."

It is quite clear, in so far as the Missouri Pacific Railway Company is concerned, that every line of road then operated by it is to be regarded as part of " the line of the Missouri Pacific Railway Company," as that phrase is used in this paragraph of the contract; and we see no sufficient reason why it should be construed otherwise in determining appellant's liability.

There being no sworn denial of the averment in the petition that the contract was executed by the Missouri Pacific Railway Company as agent for the other two companies, as well as itself, we think the contract must be construed as a joint obligation by the three companies to safely and with reasonable diligence transport the property shipped from San Antonio, Texas, to Hannibal, Missouri; and that the stipulation above quoted should be interpreted, as to each company, as exempting from liability only in the event of loss or injury upon a road not embraced in the system of roads operated by the Missouri Pacific Railway Company.

To hold otherwise, and construe the contract as contended by appellant, would be to materially change or treat as surplusage the last clause in the twelfth stipulation above quoted; and this we do not feel authorized to do.

Appellant having contracted as a common carrier to transport the stock from San Antonio, Texas, to Hannibal, Missouri, in the absence of a stipulation fixing liability otherwise, it was liable for the entire route, in the same manner and to the same extent as while the animals were on the line of its own road. Railway v. Pratt, 22 Wall., 123; Id., 594.

This case is distinguishable from Railway v. Campbell, 1 Texas Civil Appeals, 509. While the petition in that case charged that the contract was executed for the defendant, it did not distinctly allege a joint obligation, as in this case, and the opinion treats the contract as evidencing

a separate obligation on the part of the International & Great Northern Railway Company.

Considering all the terms of the contract, this may have been inaccurate; but it was immaterial, because under the facts of that case, regarding the contract as either joint or several, the defendant was not liable except as stated in the opinion. Nor was it necessary in that case, as it is in this, to determine the effect to be given to the concluding clause in the stipulation limiting liability to the company's line, wherein it stated that liability was not to exist beyond the line of a designated road.

It is urged that error was committed by the trial court in not enforcing that part of the contract which attempted to fix the measure of damages by the value of the animals at San Antonio, Texas, instead of at the place of destination. The case of Railway v. Greathouse, 82 Texas, 108, settles this contention against appellant.

Appellant has pointed out no available error, and the judgment will be affirmed.

*Affirmed.*

Delivered March 1, 1893.