E. O. DAVIS v. NEW YORK, ONTARIO & WESTERN RAILWAY COMPANY.[1]

November 9, 1897.

Nos. 10,731—(92).

Attorney at Law—Privileged Communication—Stokoe v. St. Paul, 40 Minn. 545, Followed.

The rule laid down in Stokoe v. St. Paul, 40 Minn. 545,—that an attorney is not obliged to produce a writing intrusted to him by his client or to disclose its contents, without the client's consent,—applied in this case.

[1] Reported in 72 N. W. 823.

*Held*, that the trial court erred when it compelled defendant's attorney to produce certain writings that they might be introduced in evidence.

### Same—Writing not Obtained Directly from Client.

This rule does not extend to writings obtained by attorneys from other sources than their clients, or from third parties, whether strangers or opponents.

### Same—Presumption as to Character of Holding.

Defendant's attorney received certain telegrams and letters in relation to the matters in controversy from one B., who had been defendant's attorney in the case, but for whom the attorney first mentioned had been substituted. A part of these communications were addressed to defendant's general freight agent, and a part to the officials of another common carrier. *Held*, that the presumption is that those addressed to the defendant's agent were intrusted to B. by his client, the defendant, and that those addressed to the officials of the other carrier were obtained by B. from them, and were not intrusted to him by his client.

### Bill of Lading—Initial Carrier—Negligence in Packing.

The bill of lading involved in this action, there being a number of connecting carriers, contained a stipulation that no carrier should be liable for loss or damage to the described property not occurring on its own road or its portion of the through route. *Held*, that if the injury or damage to the property in question (boxes of lemons) resulted, as plaintiff claimed, from the unskillful, improper, and negligent manner in which defendant, the initial carrier, piled the boxes in the cars in which they were transported to their destination, it would be liable for the total injury or damage.

### Same—Damages—Charges for Transportation—Shea v. Minneapolis, 63 Minn. 228, Modified.

The bill of lading also contained a condition that the amount of any loss or damage for which any carrier became liable should be computed at the value of the property at the place and time of shipment,—a condition identical with that construed in Shea v. Minneapolis, 63 Minn. 228, and there held to be unjust, unreasonable and contrary to public policy, because freight charges paid or incurred by a consignee had been ignored. *Held*, modifying Shea v. Minneapolis, that in this condition there is nothing which excludes from a computation of damages charges for transportation paid or incurred by or on behalf of a consignee; that such charges—paid or unpaid—may be taken into consideration when fixing the damages; and that, so interpreted, the condition is not on its face unjust, unreasonable, or opposed to public policy.

Appeal by defendant from an order of the district court for Hennepin county, Elliott, J., denying its motion for judgment notwithstanding the verdict or for a new trial.   Reversed.

*George B. Young,* for appellant.

As to what is a bill of lading, see "Bill of Lading," Black, Law Dict.; Bouvier, Law Dict.; Minneapolis v. Home, 55 Minn. 236. Where the contract appears to be in writing, its terms are provable only by the instrument itself, if that is obtainable.   Ortt v. Minneapolis, 36 Minn. 396; Lowry v. Harris, 12 Minn. 166 (255).

As a general rule the cause of action or the defense as proved must correspond with that averred in the pleading.   If the case is otherwise, there is no room for amendment; a dismissal of the complaint or rejection of the defense is the only result.   Pomeroy, Code Rem. §§ 553–557; Cowles v. Warner, 22 Minn. 449; Cummings v. Long, 25 Minn. 337; Benson v. Dean, 40 Minn. 445; Dennis v. Spencer, 45 Minn. 250; Baker v. Dessauer, 49 Ind. 28; Jeffersonville v. Worland, 50 Ind. 339; Long v. Doxey, 50 Ind. 385; Boardman v. Griffin, 52 Ind. 101; McKown v. Furgason, 47 Iowa, 636; York v. Wallace, 48 Iowa, 305; Burns v. Iowa, 48 Iowa, 279; Proctor v. Reif, 52 Iowa, 592; Flynn v. Des Moines, 63 Iowa, 490; Wernli v. Collins, 87 Iowa, 548; Arnold v. Angell, 62 N. Y. 508; Harris v. Kasson, 79 N. Y. 381; Southwick v. First National, 84 N. Y. 420; Reed v. McConnell, 133 N. Y. 425; Burdsall v. Waggoner, 4 Colo. 256; Mondran v. Goux, 51 Cal. 151; Hopkins v. Orcutt, 51 Cal. 537; McCord v. Seale, 56 Cal. 262; Distler v. Dabney, 3 Wash. 200; Clark v. Sherman, 5 Wash. 681; 2 Greenleaf, Ev. § 209; Ireland v. Johnson, 1 Bing. (N. C.) 162; Latham v. Rutley, 2 B. & C. 20.   In case pleadings and proof show defendant to be a common carrier the law itself determines the extent and degree of his liability; in the other case the terms of his undertaking must be proved by plaintiff.   In either case an express contract, if there be one, must be relied on.   2 Greenleaf, Ev. § 210; Ortt v. Minneapolis, 36 Minn. 396; Ferguson v. Cappeau, 6 Har. & J. (Md.) 394; Flynn v. Des Moines, supra; Mondran v. Goux, supra; Burdsall v. Waggoner, supra; Baker v. Dessauer, supra; Jeffersonville v. Worland, supra; Reed v. McConnell, supra; Southwick v. First National, supra.

The plaintiff must establish that the goods were in good condition when they came to the possession of the defendant as part of the evidence that they have been injured while in the carrier's custody. Ray, Neg. Imp. Dut. (Freight) 1030; Smith v. New York, 43 Barb. 225; Ortt v. Minneapolis, 36 Minn. 396. The establishing of joint or through rates or the issuing of through bills of lading does not make the different carriers in the continuous line joint carriers for the line or make any one of the carriers liable for the defaults of any other. Wehmann v. Minneapolis, 58 Minn. 22; Ortt v. Minneapolis, supra. Where goods pass over a line of several different carriers, there being no direct evidence to the contrary, the presumption is that they reached the last carrier in the line in the same condition as when delivered to the first carrier in the line. Shriver v. Sioux City, 24 Minn. 506; Leo v. St. Paul, 30 Minn. 438; Louisville v. Jones, 100 Ala. 263; Savannah v. Harris, 26 Fla. 148; 2 Jaggard, Torts, 1072. If defendant used ordinary care in loading, he is not liable for the injury, if any, and the test is the amount of care ordinarily used by men in general in similar circumstances. Kolsti v. Minneapolis, 32 Minn. 133; Armstrong v. Chicago, 45 Minn. 85; Flanders v. Chicago, 51 Minn. 193; Lawson v. Truesdale, 60 Minn. 410. When it is not certain that the damage resulted from the transportation. Shea v. Chicago, 66 Minn. 102.

As to the duty of attorneys to produce papers entrusted to them by their clients, see Stokoe v. St. Paul, 40 Minn. 545; Brandt v. Klein, 17 John. 335; Mitchell's Case, 12 Abb. Pr. 249; Coveney v. Tannahill, 1 Hill, 33; 1 Greenleaf, Ev. §§ 233, 241. Shaw, C. J., in Hatton v. Robinson, 14 Pick. 416, 422. Barnes v. Harris, 7 Cush. 576; 1 Greenleaf, Ev. § 240; Coveney v. Tannahill, supra; Robson v. Kemp, 5 Esp. 52; Brard v. Ackerman, 5 Esp. 119; 1 Greenleaf, Ev. § 241, and cases cited; 3 Phillips, Ev. (Cowen & Hill Notes) 182 (3d Ed.); Linde v. Judd, 3 Day, 499; Jackson v. Denison, 4 Wend. 558; Anonymous, 8 Mass. 370; State v. Squires, 1 Tyler, 147; Parker v. Yates, 12 J. B. Moore, 520; Jackson v. Burtis, 14 John. 391; 3 Phillips, Ev. C. & H. Notes, 191, (3d Ed.). This rule is in full force in this state by virtue of G. S. 1894, § 5662.

An agent's statements as to transactions of which he never had personal knowledge are hearsay and not evidence, if offered either by

plaintiff or defendant.    1 Greenleaf, Ev. § 113; Lowry v. Harris, 12 Minn. 166 (255); Powell v. Northern, 46 Minn. 249.   The admission or declaration of an agent binds his principal only when made while he is agent in regard to a present transaction.   Lowry v. Harris, supra; Presley v. Lowry, 25 Minn. 114; Van Doren v. Bailey, 48 Minn. 305; Browning v. Hinkle, 48 Minn. 544; Peek v. Detroit, 29 Mich. 313; Tripp v. Metallic, 137 Mass. 499; Johnston v. Elizabeth, 104 Pa. St. 394; Cook, Stocks (2d Ed.) § 726, and cases cited.

The rule applies as well to a general as to a special agency.   Van Doren v. Bailey, supra; Fairlie v. Hastings, 10 Ves. 123; White v. Miller, 71 N. Y. 118; Stiles v. Western, 8 Metc. (Mass.) 44; Mechem, Ag. §§ 714, 715; Randall v. Northwestern, 54 Wis. 140.   The agent will not be presumed to have power to admit away the rights of the corporation.   Milwaukee v. Finney, 10 Wis. 330; Hazleton v. Union, 32 Wis. 34; Packet v. Clough, 20 Wall. 528; 2 Thompson, Neg. 848, note 7; Giberson v. Patterson, 174 Pa. St. 369; Story, Ag. § 134; Doyle v. St. Paul, 42 Minn. 79; Halverson v. Chicago, 57 Minn. 142.   Where material evidence has been improperly admitted it will be presumed that it influenced the verdict or findings unless the contrary clearly appear.   Thompson v. Wilson, 34 Ind. 94; Baker v. Dessauer, 49 Ind. 28.

Where the agreement is set-forth in the contract for carriage it would probably be presumed that, in a case where parties could make any, there was some concession of rates as a consideration for relieving the carrier of part of his common law liability. Wehmann v. Minneapolis, 58 Minn. 22; Alair v. Northern, 53 Minn. 160; J. J. Douglas v. Minnesota, 62 Minn. 288; U. S. v. Koerner, 65 Minn. 540.

*Stiles & Stiles*, for respondent.

The bill of lading was identified and introduced in evidence by the defendant, thereby curing any alleged failure of proof in plaintiff's case in that respect, for it cannot be material by which party the bill was offered.   Cole v. Curtis, 16 Minn. 161 (182); Berkey v. Judd, 22 Minn. 287.   It not appearing by the instrument itself that any consideration existed whereon to base any of the numerous exemptions from common law liability contained therein, and

there being no proof upon that subject, the court rightly held that those exemptions must fall. Ray, Neg. Imp. Dut. (Freight) 45; Adams v. Harris, 120 Ind. 73; Louisville v. Sowell, 90 Tenn. 17; Louisville v. Gilbert, 88 Tenn. 430; New York v. Lockwood, 17 Wall. 357; Marr v. Western Union, 85 Tenn. 529, 542. Things once proved to have existed in a particular state are presumed to have continued in that state until the contrary is shown. Shriver v. Sioux City, 24 Minn. 506. Defendant failed to bring himself within the rule which protects counsel from producing in court papers confidentially intrusted to them by their clients while in their employ as counsel. 1 Greenleaf, Ev. § 244. It is no part of the business or duty of the court to make another or different rule than that in the contemplation of the parties, by adding freight charges to the cost price or value at the point of shipment.

COLLINS, J.

This was an action brought to recover for an alleged injury to a quantity of lemons, delivered to defendant company at Weehawken, New Jersey, to be transported to Minneapolis by it and its connecting carriers. A verdict for one thousand dollars was rendered against defendant, and its appeal is from an order denying a motion for a new trial. A new trial must be had because of erroneous rulings by the court below when receiving testimony.

It appears that at the time these lemons were delivered to defendant company, as initial carrier, one J. C. Anderson was its general freight agent, with his office in New York. At the same time one W. L. Martin was the general freight agent, and one A. H. Bode was the freight claims agent, of the "Soo Railway Line," the terminating carrier, both having offices in Minneapolis. As soon as the lemons (two car loads) reached their destination and their damaged condition was discovered, Martin wired Anderson, notifying him of the fact and asking advice. Anderson replied to this telegram. Then Bode, as freight claims agent, wrote Anderson a letter in which he severely denounced the defendant company in respect to the manner in which the lemons were loaded upon the cars and asserted that, unless other methods were adopted, large claims for damages would have to be paid. To this letter Ander-

son, as defendant's general freight agent, replied, referring to two cars of lemons, with Weehawken waybills numbered 515 and 516. Bode, as freight claims agent, again wrote to Anderson in respect to the damages; and in reply the latter, on defendant's behalf, insisted that the lemons were properly loaded and that no injury had resulted for which his company would be liable. It was shown by oral evidence at the trial that Martin and Bode were in fact acting for plaintiff's assignors when corresponding with Anderson, although there was nothing in the correspondence indicating the fact.

At the trial plaintiff's counsel called defendant's attorney as a witness, questioned him about these telegrams and letters, and, upon the admission that they were in his possession, obtained a ruling of the court compelling him to produce them. Later plaintiff's counsel introduced them in evidence. The order for their production and the subsequent introduction in evidence was strenuously resisted and objected to by defendant's attorney on the ground that while in his possession they were privileged communications,— writings which had been intrusted to him in his professional capacity by his client, the defendant,—and, under well-settled rules of evidence, he could not be compelled to produce them or to disclose their contents.

If all of these writings had been intrusted to the attorney by his client, the rule laid down in Stokoe v. St. Paul, 40 Minn. 545, 42 N. W. 482, if correct, would have been applicable to all. It was there said, in substance, that an attorney is not obliged to produce a writing intrusted to him by his client or to disclose its contents, without the client's consent. That was a case where one of the attorneys for defendant railway company had in his possession, it was supposed, an alleged release for plaintiff's claim for damages, which the latter's counsel wished to have produced; and, where the rule is invoked, no distinction can be pointed out between such a writing as a release, and a part, at least, of the writings herein involved.

But from the testimony of counsel it appeared that a part only of these papers were placed in his hands by defendant, and, even to reach the conclusion that a part had been intrusted to him by

his client, we have to indulge in a presumption. According to the evidence, all of these papers were delivered to counsel by an attorney named Bradish, formerly employed in this action by defendant, but for whom the witness had been substituted. The latter had no means of knowing, nor did it appear, where Bradish obtained the writings; but the presumption is that they came into his hands from those who were entitled to possession, and with whom we should naturally expect them to be found. It is therefore to be presumed that the telegram addressed to Martin and the letters addressed to Bode were delivered to Bradish by the officers of the Soo line, not by defendant, and also that the telegram and letters addressed to Anderson were intrusted to Bradish by the officials of his then client, this defendant, and by no other person. These being the presumptions, it is obvious that, as to the telegram and letters last mentioned, the court ruled incorrectly when it compelled counsel to produce them, that they might be introduced in evidence. That their contents were prejudicial to defendant's cause is beyond question, when we consider the admissions therein contained, and, further, that without them the communications addressed to Martin and Bode would have had little weight as evidence.

On the presumption that the communications just mentioned were delivered to Bradish by the Soo line officials, they were not privileged. The rule does not extend to facts or writings obtained by attorneys from other sources than their clients, or from third parties, whether strangers or opponents. Weeks, Attys. 324, 327. It must not be understood from what has been said that there is, in our opinion, no way in which the contents of these communications could properly be put in evidence. We are of a contrary opinion.

In view of another trial, it is not improper for us to refer to the question of damages. The bill of lading introduced in evidence, there being a number of connecting carriers, contained a stipulation that no carrier should be liable for loss or damage to the described property not occurring on its own road or its portion of the through route, and a further stipulation that the amount of any loss or damage for which any carrier became liable should be computed at the value of the property at the place and time of ship-

ment, unless a lower value had been agreed upon.  This last condition is identical with that considered in Shea v. Minneapolis, 63 Minn. 228, 65 N. W. 458, and which was there held to be unjust, unreasonable, and contrary to public policy, because of the fact that freight charges paid or incurred by a consignee had been ignored. On the argument of that case there was no suggestion that the condition could be cut down or construed so as to uphold it.

On further reflection and consideration, we are of the opinion that, in a condition of this nature, there is nothing which excludes from a computation of damages such sums as may have been paid or incurred by a consignee as transportation charges.  The condition is simply that the amount of any loss or damage shall be estimated and fixed at the value of the property at the time and place of shipment, and, in the absence of some such special contract, the measure of damages is settled by the value at the place of destination, charges for transportation entering into the computation.  3 Sutherland, Dam. (2d Ed.) §§ 906, 918, 923, 932; Hutchinson, Carr. (2d Ed.) § 770a.  If it had been specially provided that the measure of damages in case of loss or injury was to be determined by the value of the property at the place of destination, or if the bill of lading had been silent on the subject, no one would have insisted that freight charges should be excluded from consideration.  So, if transportation charges paid or incurred by or on behalf of the consignee, or earned by the carriers, but not paid, are to be taken into consideration, we cannot say that the condition is on its face unjust or unreasonable, or opposed to public policy.

The defendant requested the trial court to charge the jury that, if they found for plaintiff, they would first ascertain the total damages, and then determine what proportion of this damage occurred upon defendant's road, which extended from Weehawken to Oswego, New York; their verdict to be for only such part of the total damage as occurred on defendant's road.  This request was properly refused.  If the damage resulted, as plaintiff claimed, from the unskillful, improper, and negligent manner in which defendant's servants piled the boxes containing the lemons in the cars in which they were brought to Minneapolis, defendant company would be liable for the total damage.  The deterioration in the quality of the

lemons would be continuous and progressive from one end of the entire route to the other, so that, in a certain sense, injury and loss occurred after the cars had been delivered by defendant to its connecting carrier at Oswego; but the primary, proximate cause of the total damage was the defendant's negligence, and therefore it is liable to the full extent of that injury which was the natural result of its negligence.

Order reversed.