[No. 7818.]

DENVER & RIO GRANDE RAILROAD COMPANY V. A. PETERSON GROCERY COMPANY.

1. APPEAL AND ERROR—*Verdict on Sufficient Competent Evidence,* though conflicting, will not be disturbed. (126, 127.)

2. EVIDENCE—*Burden of Proof.* Where goods bailed to a common carrier in good condition are delivered by it in damaged condition, the burden is upon him to show that he was guilty of no fault or negligence contributing to the damage. (127.)

3. INSTRUCTIONS—*To be Taken as a Whole.* The refusal of an instruction, the substance of which is given in another form, is not error. (127.)

4. COMMON CARRIER—*Stipulation as to Estimate of Damage.* A stipulation in a bill of lading that the amount of any loss or damage shall be computed on the basis of the value of the goods to the consignee at the place and time of shipment, including freight charges prepaid, when fairly and freely entered into, is valid, though not supported by any reduced rate. (128-130.)

5. —— *Damages—Freight Paid by Carrier.* Consignees were not permitted to inspect the goods until the full amount of the freight charge was first paid. They were found damaged, and were disposed of for less than the amount of the freight. Held that the amount of the freight paid was to be. taken into consideration in estimating plaintiffs' damages, with the same effect as if it had been prepaid. (130, 131.)

*Error to Denver County Court.* HON. GEORGE W. DUNN, Judge.

Mr. E. N. CLARK, Mr. G. P. STEELE, Mr. J. A. MARSH, for plaintiff in error.

Mr. T. M. MORROW, Mr. WILLIAM F. LYMAN, for defendant in error.

HILL, J., delivered the opinion of the court.

This action was commenced before a Justice of the Peace. Upon appeal to the County Court, judgment was in favor of the plaintiff. There are no written pleadings. The claim was for damages to a carload of potatoes shipped from Cedar Creek, Colorado, to Burnham, a suburb of Denver. The damage is alleged to have been occasioned through the negligence of the railroad company in failing to keep the refrigerator cars, in which they were shipped, properly ventilated; and also for unreasonable delay in transmission, and in giving notice to the consignee.

Three principal reasons are presented to secure a reversal. It is urged that the verdict is against the evidence. The testimony was conflicting, but there is competent evidence from which the jury might properly have found as they did. Under such circumstances, it is not the province of this court

to disturb the findings: *Bank of Broomfield v. McKinley,* 53 Colo. 279; *Denver Tramway Co. v. Brumley,* 51 Colo. 251.

It is claimed that the court erred in the giving and refusing of instructions pertaining to the measure of the defendant's duty. The portion given complained of reads:

"The court instructs the jury that if you believe from a preponderance of the evidence that at the time the potatoes were delivered to the defendant they were matured, ripe and in sound order, and that when the same were delivered to the consignee at Burnham they were in a damaged condition, then you are instructed that the plaintiff has made out a *prima facie* case of liability, and the burden is upon the defendant to show that the damaged condition of the potatoes was due to no fault or negligence on its part or that the damage was due to the inherent nature of the potatoes themselves."

When tested by the issues as made by the evidence on this subject, we find no error in the giving of this instruction. *Estes v. D. & R. G. Co.,* 49 Colo. 378, 113 Pac. 1005; *The Warren Adams,* 74 Fed. 413, 20 C. A. 486; *Uber v. Chicago, M. & St. P. Ry. Co.,* 151 Wis. 431, 138 N. W. 57; *Kelly v. So. Ry. Co.,* 84 S. C. 249, 66 S. E. 198, 137 Am. St. Rep. 842; *Hinton v. Eastern Ry. Co.,* 72 Minn. 339, 75 N. W. 373; *Pennsylvania R. Co. v. Naive,* 112 Tenn. 239, 79 S. W. 124, 64 L. R. A. 443; *Orem Fruit & Produce Co. v. Northern Cent. Ry. Co.,* 106 Md. 1, 66 Atl. 436, 124 Am. St. Rep. 462; *Beede v. Wisconsin Cent. Ry. Co.,* 90 Minn. 36, 95 N. W. 454, 101 Am. St. Rep. 390; *Armstrong, Byrd & Co. v. Ill. Cent. R. Co.,* 26 Okla. 352, 109 Pac. 216.

While instructions 1, 2 and 4 offered by the defendant, which were refused, are more elaborate than those given upon the same subjects, their substance was included in them, and we see no necessity for its repetition in another form simply because offered by the defendant. Under such circumstances they were properly refused.

The bill of lading under which this shipment was made stipulates:

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the bona fide invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment under this bill of lading."

Plaintiff's proof on this question was limited to the market value at the time and point of destination. The defendant offered no testimony on the subject. By instruction 7 the jury were told, in substance, that if they found for the plaintiff, its damage should be computed on the basis of the value of the property at the point of destination. Exceptions were taken to this instruction. It does not appear that this clause in the bill of lading was supported by a reduced freight rate or other special consideration, and in the absence of such evidence we must assume that it was not. There is a conflict in the authorities concerning the validity of this clause. Mississippi, Pennsylvania, Texas and Arkansas have held that such a stipulation is invalid for the reason that it would relieve the carrier from a part of its liability occasioned through its negligence. *Railroad v. Bogard,* 78 Miss. 11, 27 South. 879; *So. Pac. Co. v. D'Arcais,* 27 Tex. Civ. App. 57, 64 S. W. 813; *I. & G. N. Ry. Co. v. Anderson,* 3 Tex. Civ. App. 8, 21 S. W. 691; *Ruppel v. Allegheny Valley Ry. Co.,* 167 Pa. 166; *Rhymer v. D., L. & W. R. Co.,* 27 Pa. Super. Ct. 345; *St. Louis, Iron Mountain & So. Ry. Co. v. Coolidge,* 73 Ark. 112, 83 S. W. 333, 67 L. R. A. 555, 108 Am. St. Rep. 21, 3 Ann. Cas. 582; volume 4, Elliott on Railroads (2d Ed.), sec. 1510a; volume 1, Hutchinson on Carriers (3d Ed.), sec. 430.

In *Louisville & Nashville R. Co. v. Oden,* 80 Ala. 38, the loss was occasioned through the burning of a depot. The validity of this clause was sustained, but it was said that it was not intended to relieve against the want of due

care, skill and diligence in respect to the ordinary, usual and general risk in the mode of transportation, but that the company might limit the measure of its liability as to losses caused by the extraordinary risk in respect to which the company is regarded as an insurer, but as to those first designated it could not thus stipulate.

In *Pierce v. So. Pac. Co.*, 120 Calif. 156, 47 Pac. 874, 52 Pac. 302, 40 L. R. A. 350, the contract made the invoice price at the point of shipment the measure of damages; it was sustained, but there was added as an element of damage the freight actually paid and interest on the whole amount.

In vol. 4, Elliott on Railroads (2nd ed.), sec. 1510a; vol. 5, Am. & Eng. Ency. of Law (2nd ed.), p. 335; vol. 6, Cyc., p. 401, and vol. 1, Hutchinson on Carriers (3rd ed.), sec. 430, the conclusion stated on this subject, in substance, is that the great weight of authority supports the validity of such stipulations where they have been freely and fairly entered into, whether the loss be the result of the carrier's negligence or not, and that it does not require a reduced freight rate to sustain it. This conclusion appears to be supported by many of the later decisions. *Spada v. Penn. R. Co.* (N. J.), 92 Atl. 379; *Inman & Co. v. Seaboard Air Line Ry. Co.* (C. C.), 159 Fed. 960; *Central of Ga. Co. v. Murphey & Hunt,* 113 Ga. 514, 38 S. E. 970, 53 L. R. A. 720; *Tibbits v. R. I. & P. Ry. Co.,* 49 Ill. App. 567; *Davis v. N. Y., Ont. West. Ry. Co.,* 70 Minn. 37, 72 N. W. 823; 101 *Live Stock Co. v. K. C. & M. B. Ry. Co.,* 100 Mo. App. 674, 75 S. W. 782; *C., R. I. & P. Ry. Co. v. Harmon,* 17 Ill. App. 640; *Boscowitz v. Adams Express Co.,* 93 Ill. 523, 34 Am. Rep. 191; *Matheson v. So. Ry. Co.,* 79 S. C. 155, 60 S. E. 437; *Gratiot St. Warehouse Co. v. M., K. & T. Ry. Co.,* 124 Mo. App. 545, 102 S. W. 11.

This clause was included in a uniform bill of lading recommended by the Interstate Commerce Commission in 1908, 14 I. C. C. R. 346. It has since been held valid by that tribunal in an interstate shipment in a case where the

loss was occasioned through the negligence of the carrier.

*Shaffer & Co. v. C., R. I. & P. Ry. Co.,* 21 I. C. C. 8. In the case last cited there was a total loss to the consignee, for which reason the payment of freight at the point of destination did not enter into the computation. While this court has never passed directly upon this question, a detail discussion of it could add but little to what has been said *pro* and *con* in the cases cited, for which reason we will not undertake it, but dispose of it by saying that as it appears to be recognized as valid in interstate shipments, and also has been held reasonable and valid when fairly and freely entered into by a majority of the state courts which have heretofore passed upon it in intrastate shipments, we are of opinion that we should adopt the conclusion of the majority and hold it valid so far as it is applicable, until the Supreme Court of the United States declares otherwise, or until further legislation is enacted on the subject.

The record discloses that the plaintiff was denied the privilege of looking at or inspecting the potatoes at all until it had paid the full amount of the freight charges, after which it disposed of them for a sum which was less than the freight paid by it on the shipment. Under such circumstances the amount of this freight payment is an item which should be taken into consideration in fixing the amount of the plaintiff's damages. If any other rule were adopted, in certain cases its application would relieve the carrier from paying any damages, even though considerable damage had occurred; that is, the shipper would get less damages than he had paid out for freight, while this item of damage is provided for in cases of a prepayment of the freight, it does not appear to be in a case where it is demanded and received at the point of destination before the delivery of the goods, as was done in this instance, for which reason we think the plaintiff is entitled to have it included the same as though he had prepaid it. *Davis v. N. Y., Ont. & West. Ry. Co.,* 70 Minn. 37, 72 N. W. 823; *Kelly v. So. Ry.*

*Co.,* 84 S. C. 249, 66 S. E. 198, 137 Am. St. Rep. 842; *Pierce v. So. Pac. Co.,* 120 Cal. 156, 47 Pac. 874, 40 L. R. A. 350.

For the reasons stated, the judgment is reversed and the cause remanded for a new trial upon the sole question as to the amount of damages to which the plaintiff is entitled, in harmony with the views herein expressed.

*Reversed and remanded with instructions.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE TELLER concur.