WEGENER, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*January 13—February 1, 1916.*

*Carriers: Loss of goods in transit: Evidence: Tariffs and bill of lading: Pleading: Contract as to measure of damages.*

1. In an action to recover damages for delay and loss in a shipment of poultry, where the answer alleged that the shipment was made pursuant to the law, the published tariffs of defendant, and particularly a bill of lading of which a copy is annexed, "all of the various covenants, agreements, and conditions of which bill of lading the defendant hereby pleads as a part of the answer herein," such tariffs and bill of lading were sufficiently pleaded and it was error to exclude them when offered in evidence.

2. Such tariffs and bill of lading constituted the contract of shipment, and a stipulation therein that the amount of any loss or

damage for which the carrier was liable should be computed on the basis of the value of the property at the place and time of shipment, was valid and binding upon the shipper.

3. A finding that the loss of a part of a shipment of poultry between the place of shipment in Wisconsin and the warehouse of the consignee in New York, where the goods were first checked up, occurred in the railway transit, is *held* to be sustained by the evidence, although the consignee receipted (as he said was customary) for the goods without notation of loss and they were hauled on auto trucks about a mile from the freight depot to the warehouse.

APPEAL from a judgment of the county court of Dodge county: C. W. LAMOREUX, Judge. *Modified and affirmed.*

Action to recover damages for delay in the shipment of poultry and for loss of part thereof.

On November 17, 1912, plaintiff delivered to the defendant at Minnesota Junction, Wisconsin, forty-eight barrels and fifty-two boxes of dressed poultry for shipment to New York. The jury found that owing to the negligence of the defendant a part of the shipment was lost in transit and the balance was damaged; and they assessed plaintiff's damages in the sum of $856.91. From a judgment in said amount with costs entered in favor of the plaintiff the defendant appealed.

For the appellant there were briefs by *Edward M. Smart,* attorney, and *Charles H. Gorman,* of counsel, and oral argument by *Mr. Gorman.*

*August Kading,* for the respondent.

VINJE, J. The shipment was made under a bill of lading and tariffs approved by the interstate commerce commission. The defendant sought to introduce both the bill of lading and the tariffs in evidence to show under what terms and conditions the shipment was made, but they were excluded, except that the bill of lading was admitted for the sole purpose of showing that defendant had received the shipment. The

ground for their exclusion does not appear. It is now claimed that they were not properly pleaded. The answer "alleges that said shipment was made under and pursuant to the law in such cases made and provided, the public and published tariffs of defendant, and particularly a bill of lading, a true and correct copy of which is hereunto annexed marked Exhibit 'A,' all of the various covenants, agreements, and conditions of which bill of lading the defendant hereby pleads as a part of the answer herein." This sufficiently pleads the tariffs and the bill of lading and it was error to exclude them.

The court instructed the jury that the measure of damages for the lost poultry was the market value of the same at the time and place of destination; and that the measure of damages for the damaged poultry was the difference between the market value of the poultry at the time and place of destination in the condition in which it would have arrived, if properly handled and transported, and the market value at the time and place of destination in the condition in which it did arrive, and the jury assessed the damages at $856.91.

The bill of lading contained this provision:

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the *bona fide* invoice price, if any, to the consignee including the freight charges, if prepaid) *at the place and time of shipment* under this bill of lading, unless a lower value has been represented in writing by the shipper or has been agreed upon or is determined by the classification or tariffs, upon which the rate is based, in any of which events such lower value shall be the maximum amount to govern such computation, whether or not such loss or damage occurs from negligence."

The bill of lading and the tariffs constituted the contract of shipment, and defendant claims that under it the market value at the place of shipment, plus freight, drayage, and commissions, and not the market value at the place of destination, measured the damages. This is correct. Such stipu-

lations as to measure of damages, or other reasonable conditions touching the shipment, are valid and binding upon the shipper. *Ullman v. C. & N. W. R. Co.* 112 Wis. 150, 88 N. W. 41; *Willard v. C. & N. W. R. Co.* 150 Wis. 234, 136 N. W. 646; *Cohen v. M., St. P. & S. S. M. R. Co., ante,* p. 73, 155 N. W. 945; *Inman & Co. v. Seaboard A. L. R. Co.* 159 Fed. 960; *Davis v. N. Y., O. & W. R. Co.* 70 Minn. 37, 72 N. W. 823; 4 Ruling Case Law, 930. The evidence shows that after crediting plaintiff with freight, drayage, and commissions at New York, the market value of the poultry at the place of shipment, including the lost poultry, was $318.46 less than its market value at the place of destination as found by the jury. If, therefore, defendant is liable for the poultry lost, the judgment should be reduced $318.46, and if not, it should be reduced $392.71, the value of the lost poultry being $74.25.

It appears that one barrel of poultry and a part of another were lost between the place of shipment and the warehouse of the consignee where the goods were first checked up in New York. They were hauled on auto trucks about a mile from the freight depot to the warehouse, and the argument is that the loss may as well have occurred in that haul as while in the possession of a rail carrier. The consignee receipted for the goods without any notation of loss, but he says that it is customary to so receipt even if there is a known loss. The jury found that the poultry was lost while in railway transit. We think there are legitimate inferences to sustain such a finding.

*By the Court.*—Judgment modified by deducting therefrom, as of its date, the sum of $318.46, and as so modified affirmed, with costs to the defendant.