## A. J. HOLMES v. ANNA E. CONTER AND OTHERS.[1]

May 15, 1942.

No. 33,020.

See 209 Minn. 144, 295 N. W. 649.

*Clifford W. Gardner,* for appellants.

*R. Edison Barr,* for respondent.

HOLT, JUSTICE. .

Action to quiet title to a lot in the city of St. Paul.

The action was tried to the late Judge O'Brien, who made and filed findings upon which judgment was entered in favor of plaintiff. A motion made by defendants, after Judge O'Brien's death, to vacate the judgment and grant a new trial on newly discovered evidence and in the interest of justice was granted by Judge

[1]Reported in 4 N. W. (2d) 106.

Parks, and his order sustained on appeal to this court. Holmes v. Conter, 209 Minn. 144, 295 N. W. 649. The new trial before Judge McNally resulted in plaintiff's favor. Motions for amended findings or a new trial were denied, and from the order denying a new trial defendants appeal.

Defendants' counsel concedes that the burden is on him to overcome the return of the deputy sheriff "by evidence which has been proven to be 'clear and satisfactory.' " The return is not conclusive. Grossman v. Lockedell & Son, 184 Minn. 446, 238 N. W. 893. However, the return is by an official. Mason St. 1927, § 2163, requires the sheriff of the county wherein the land is located to serve and make a return of service upon notice of the expiration of the time of redemption on lands sold for taxes. The sheriff's return of service, to be made on the notice and filed with the county auditor, is to be the basis upon which the auditor certifies that the time of redemption has expired and the title has passed to the holder of the certificate of tax sale. It was stipulated that all the steps taken to eliminate the right of redemption were regular, except that defendants denied they were served and claimed that the sheriff's return was false.

The notice herein involved related to the tax sale of 1925, and the sum required to redeem was $35.91. The notice was turned over to Deputy Sheriff Perlman for service, who was a witness at the trial and testified that in the afternoon of July 26, 1937, he served the notice on defendants personally by handing to and leaving with each a true copy thereof; that he knew defendants; that he had served them with like notices before; that the service was made in their home and that one of them asked what was wanted now; that they had recently paid over $500 in redemption of tax sales on the lot; and that he responded that they better see that the lot was not lost upon the tax. The sole fact decisive of this appeal is: Were defendants personally served, as shown by the return and testified to by Perlman?

The parties upon whose affidavits the former judgment was vacated and a new trial granted, and two or three others, were wit-

nesses at this trial. We have closely scrutinized the record and are satisfied that the court's finding that defendants were personally served with notice is well sustained. It is not the province of an appellate court to demonstrate the correctness of a fact issue found by the trial court. The memorandum filed by that court clearly justifies his finding. We appreciate that the fact that these elderly and afflicted ladies, who had, on June 14, 1937, paid $563.08 to redeem this same lot from tax sale for the year 1926 and subsequent years, only to lose it now for failure to redeem from the 1925 sale, appeals to the sympathy of everyone. But that notwithstanding, the court must decide questions of fact from a consideration of the evidence adduced. This trial was had almost four years from the date of the claimed service of the notice. It is one thing for the average person to sign an affidavit prepared by an interested attorney and quite another to maintain, on cross-examination on the witness stand, the reliability of his memory of a particular date and hour almost four years before. To fix the date when the defendants were seen at Shakopee, these witnesses stated it was when one La Tour threshed on his farm three and one-half miles south of Shakopee. La Tour was then a renter of defendants' farm near-by. To fix the date of the threshing, some mention was made of elevator tickets or threshers' tickets or records; but no ticket or record from either elevator or thresher was offered or accounted for at the trial. One witness who lived in the same house with defendants in St. Paul, on July 26, 1937, when Perlman testified he served the notice, undertook to testify that Perlman, whom she knew, drove up alone in a car, parking it just outside the window of the room she was painting, took out some papers, and knocked at the back door for admittance; that she could not go to let him in because not properly dressed; that Perlman returned to the car and drove away; and that both defendants were then out of the city. She fixed the date because of her child's birthday the Saturday following, for which occasion she was desirous of having the room painted. In rebuttal, Perlman testified that he had never owned nor driven an automobile.

At this trial, as at the first, defendants testified. Anna said she was 77 years old at the time of the last trial in March 1941, and Margaret said she was 64 years old. Both were very deaf. From what they admitted on this trial that they testified to on the trial before Judge O'Brien, they then were in no position to deny the return of Perlman, nor his testimony that he had made service. The trial court could well consider the short distance between St. Paul and Shakopee, and how available is transportation by bus and train between the two places. We cannot disturb the finding that the notice was personally served on defendants.

We agree with counsel for defendants and the trial court that the finding of either the market value or the assessable value of the lot was immaterial and irrelevant to the sole issue for trial. But, even so, no harm or prejudice could come to defendants either from the evidence or the finding.

The attorney for defendants in the first trial was called by plaintiff and asked whether he had in his possession a sales slip dated July 26, 1937, issued by Montgomery Ward & Company to one of defendants. Defendants' objection to the question on the grounds that it was incompetent, immaterial, irrelevant, and privileged was overruled. The ruling is assigned as error. The ruling was right. Stokoe v. St. P. M. & M. Ry. Co. 40 Minn. 545, 42 N. W. 482; 6 Dunnell, Minn. Dig. § 10313, note 89.

No objection was made to the testimony of Mr. Barr, at the trial, and error on its reception cannot be assigned or urged in this court.

The order is affirmed.